Nancy **CRIPPEN, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

John T. **DEMPSEY, Individually and in his official capacity as Director of the Michigan Department of Social Services, Defendants.**

No. G81–327 CA5.

United States District Court, W.D. Michigan, S.D.

Sept. 24, 1982.

Rita J. Diehl, Michigan Protection and Advocacy Service for Developmentally Disabled Citizens, Lansing, Mich., for plaintiff.

Frank J. Kelley, Atty. Gen., State of Mich. by Janis Meija and Erica Weiss Marsden, Asst. Attys. Gen., Lansing, Mich., for defendants.

OPINION RE: MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR SUMMARY JUDGMENT AND TO CERTIFY THE CLASS

HILLMAN, District Judge.

This is a dispute which requires the court to interpret certain federal regulations promulgated pursuant to Title XIX of the Social Security Act (the Act), 42 U.S.C. § 1396, *et seq.* Plaintiff seeks declaratory and injunctive relief with respect to certain of defendant's policies regarding termination of Medicaid benefits, claiming that the policy and practice result in the wrongful termination of such benefits. It is claimed that the termination of Medicaid benefits in this case violated the Social Security Act and the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

The case is now before the court on defendant's motion for judgment on the pleadings and/or summary judgment. Also pending before the court is plaintiff's motion to certify the case as a class action lawsuit.

Plaintiff is a 39-year-old developmentally-disabled resident of Michigan. Prior to

April, 1981, plaintiff was a recipient of Supplemental Security Income (SSI) benefits from the federal government. At that time her SSI benefits were cancelled by the Social Security Administration (SSA). SSI is a federally funded, federal administered aid program established by Title XVI of the Act, 42 U.S.C. § 1381, *et seq.* Application for such benefit is made to the SSA and eligibility is determined by that federal agency.

Medicaid is a jointly-funded federal-state program administered pursuant to Title XIX of the Act. Applicable federal statutes create two general categories of individuals who are eligible for Medicaid benefits. The first group is comprised of "categorically needy" persons. Recipients of SSI benefits are included within the mandatory medicaid coverage available to persons classified as categorically needy.[1] The second group is comprised of individuals who may, at the state's option, be included in the state's Medicaid program.[2] These individuals are defined to be "medically needy."[3] Unlike a categorically needy person, a person who is medically needy cannot qualify for Medicaid unless his or her medical expenses, when subtracted from his or her total income, yield a figure that is less than a ceiling specified by HEW.

The State of Michigan has entered into an agreement with the Secretary of the Department of Health, Education and Welfare (now Health and Human Services). Under this agreement, the Secretary makes determinations of Medicaid eligibility on behalf of the State with respect to individuals residing in the state who are receiving or eligible to receive various federal payments, including SSI. The Secretary has agreed to make redeterminations of eligibility for Medicaid as frequently as SSI redeterminations are made, and to notify the State of such redeterminations. Furthermore, the Secretary has agreed to furnish the State, at its request, copies of the SSI applications (or the data contained therein which is relevant to Medicaid eligibility) and other necessary information secured in connection with SSI applications in cases where the individuals are determined not to be eligible for the SSI benefits.

In the instant case, plaintiff Nancy Crippen's SSI benefits were terminated in April, 1981, because her chargeable income exceeded the SSI minimums. She was so notified on April 6, 1981, by the State. The notice informed plaintiff that because her SSI benefits had terminated, her Medicaid assistance would also terminate unless she applied for the benefits at her local Department of Social Services office or unless she requested a hearing within ten days of the notice. Plaintiff did not request a hearing, and did not apply for Medicaid benefits until May 13, 1981. In the meantime, her Medicaid benefits were terminated in accordance with the notice, effective April 30, 1981.

In this lawsuit, plaintiff challenges the procedure by which the State requires persons whose SSI benefits have been terminated by the federal SSA to make an application to the Department of Social Services if they wish to continue receiving Medicaid benefits. Plaintiff argues that she continued to be eligible for Medicaid even after the termination of her SSI benefits, because she qualified for the category of "medically needy." She argues that the State is prohibited by federal statute and regulation from using the challenged procedure and that such practice violates her due process and equal protection rights under the United States Constitution.

In short, plaintiff argues that, before the State may terminate the benefits of a former *categorically* needy Medicaid recipient, it must conduct a full investigation into the individual's circumstances and determine, ex parte, whether such person is eligible to receive Medicaid as a *Medically* eligible recipient.

---

1. 42 U.S.C. § 1396a(a)(10)(A); 42 C.F.R. § 435.4 (1979).

2. 42 U.S.C. § 1396a(a)(10)(C).

3. 42 C.F.R. § 435.4 (1979).

■ Before reaching the issues of substantive law in this case, the court must consider plaintiff's motion for certification of this lawsuit as a class action. Fed.R. Civ.P. 23(c)(1).

Plaintiff seeks an order of this court determining this case to be a class action pursuant to Fed.R.Civ.P. 23(b)(2). The class she wishes to represent is defined as "all persons in Michigan whose Medicaid eligibility has been or will be terminated because they are no longer eligible for or receiving SSI benefits."

Defendant proposes to define the class as "all Medicaid recipients who have lost or will lose (during the pendency of this suit) Medicaid benefits for which they are eligible as a result of the termination of their SSI eligibility and subsequent closure of their Medicaid case." According to defendant, this group would be miniscule since most SSI recipients who desire Medicaid after their SSI cases close will promptly apply for Medicaid in accordance with the notice they receive informing them of their termination from SSI and Medicaid eligibility. Therefore, says defendant, the numerosity requirement of Rule 23 cannot be satisfied and the case cannot be certified as a class action.

This case is particularly suitable for class adjudication. Plaintiff is a person against whom "the party opposing the class has acted or refused to act on grounds generally applicable to the class," Fed.R.Civ.P. 23(b)(2), and she seeks only final injunctive and declaratory relief with respect to a class as a whole. Under the statutory and regulatory scheme as applied by defendants, it is clear that the State treats all persons in plaintiff's position as "former" recipients of Medicaid, but only after such persons have failed to respond timely to the notice of termination.

On the other hand, there exists a discrete group of persons to whom common questions of fact and law apply, whose common trait is that they are former SSI recipients who are presumed by the State to be ineligible for Medicaid because of the termination of their SSI eligibility. Whether this presumption is proper is not pertinent to the determination of the appropriate class in this case. The applicability of the court's decision to those persons and to the State's manner of treating them justifies their inclusion with plaintiff in a 23(b)(2) class for purposes of this lawsuit. *See* Wright & Miller, *Federal Practice and Procedure: Civil* § 1775.

Therefore, plaintiff's motion for certification of this case as a class action is granted, and the class shall include any and all persons who are treated by the State as presumptively ineligible for Medicaid solely because their SSI has been terminated, regardless of whether such persons receive the due process notice and opportunity for hearing as described below.

Turning now to defendant's motion for judgment on the pleadings and/or summary judgment, the court will treat the motion in accordance with Fed.R.Civ.P. 56. Therefore, defendant is entitled to summary judgment only if there exist no genuine issues of material fact and if it is determined that defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Looking first at the legal issues involved in this case, the critical question is whether the State may automatically terminate the Medicaid benefits of categorically needy recipients whose entitlement to such benefits was based on their status as SSI recipients, when SSI eligibility is terminated, even though the recipient may still qualify as a medically needy recipient of Medicaid. In other words, the court must decide whether the State's practice of giving such persons notice and opportunity for hearing, but terminating without further inquiry the benefits of those who fail to respond, violates the statutory or constitutional rights of such former SSI recipients.

■ For the reasons stated below, I conclude that the State may terminate the Medicaid benefits of former categorically needy SSI recipients upon receipt of the notification from the SSI that SSI benefits have been terminated. However, upon receipt from the SSA of such notice, the State must in turn notify the recipient of the

forthcoming termination, and if the former SSI recipient requests a hearing within ten days of the mailing by the State of the termination notice, the State may not terminate Medicaid benefits until such recipient is found to be ineligible.

## I. *The Regulations.*

Federal regulations require that prior to receiving Medicaid benefits, an individual must file an application with the appropriate state agency. 42 C.F.R. § 435.907. However, such an application may not be required of certain individuals, including those receiving SSI, before Medicaid payments begin. 42 C.F.R. § 435.909. Once an application has been filed, the state agency has 60 days within which to determine eligibility and inform the applicant of its determination. 42 C.F.R. § 435.911.

After Medicaid eligibility has been established, a state must continue to furnish Medicaid regularly to all eligible individuals until they are found to be ineligible. 42 C.F.R. § 435.930. Furthermore, the State is required to make periodic redeterminations of Medicaid eligibility, and "must promptly redetermine eligibility when it receives information about changes in a recipient's circumstances that may affect his eligibility." 42 C.F.R. § 435.916(c). Also, the State must give recipients timely and adequate notice of proposed terminations of their eligibility. 42 C.F.R. § 435.919. Such notice must inform such a recipient that he may request a hearing to determine the propriety of the proposed termination. 42 C.F.R. § 431.206. Finally, the State is required, upon receipt of an SSA notice terminating SSI benefits, to "take prompt action to determine eligibility." 42 C.F.R. § 435.1003(b).

This case requires the court to interpret and apply the above-cited regulations. The task is not easy, since the regulations contain no direct or definitive answers to the issues before the court. Therefore, the court has attempted to arrive at a conclusion that will give reasonable meaning to all of the regulations, and will "ensure that eligibility is determined in a manner consistent with simplicity of administration and the best interests of the applicant or recipient." 42 C.F.R. § 435.903.[4]

## II. *Plaintiff's case.*

Plaintiff's basic contention is that the State cannot terminate Medicaid benefits of former SSI recipients without an "ex parte" determination of eligibility for those benefits. Plaintiff cites several sections from the federal regulations in support of that position. Careful review of those regulations, however, demonstrates they do not stand for the proposition advanced by plaintiff.

A. Plaintiff first cites 42 C.F.R. § 435.916(c), which provides, in pertinent part:

"(1) The agency must promptly redetermine eligibility when it receives information about changes in a recipient's circumstances that may affect his eligibility. (2) If the agency has information about anticipated changes in a recipient's circumstances, it must redetermine eligibility at the appropriate time based on those changes."

Plaintiff next cites 42 C.F.R. § 435.930, which states, in pertinent part, that an agency must "(b) Continue to furnish Med-

4. *See* 42 U.S.C. § 1396a(a)(19). The court is not insensitive to plaintiff's needs. Counsel's pleas on her behalf are both articulate and effective. He states that defendant's practice "places the burden on those indigent and disabled individuals, who are the intended beneficiaries of Medicaid, to understand the intricacies of the program's eligibility requirements and extrapolate the seemingly metaphysical distinctions between categories of eligibility articulated by the state." However, the State requires very little of the former SSI recipient in order to preserve Medicaid benefits, and

indeed, as the discussion below shows, the procedure employed by the State probably imposes no burdens upon such persons that aren't mandated by regulation. *See,* 42 C.F.R. §§ 435.916(a) and (b). Furthermore, as defendant shows, the State must make eligibility for Medicaid effective three months prior to the month of the application if the recipient was eligible for that period. 42 C.F.R. § 435.914. Therefore, it is highly unlikely that a former SSI recipient who applies for Medicaid and is found medically eligible will have lost any Medicaid benefits.

**648**

icaid regularly to all eligible individuals until they are found to be ineligible." Plaintiff argues that these regulations compel the State to continue payments of former SSI recipients until a redetermination of their eligibility for Medicaid has been made. I cannot agree.

It is true that the State is required to perform periodic reviews of Medicaid eligibility. And it is true that when a change in a recipient's status is brought to the State's attention, it must redetermine eligibility. However, nothing in the regulations says that payments must continue once the basis for eligibility has been removed. In the instant case, the only ground for eligibility that plaintiff Crippen had established was her status as a recipient of SSI. The fact that she later was able to show herself to be medically needy does not compensate for the fact that she made no such showing prior to the termination of her benefits after her SSI ceased. Thus, it is clear that the State did "continue to furnish Medicaid" until plaintiff was "found to be ineligible" by virtue of her removal from the SSI rolls. Such removal enabled the State to find her ineligible for Medicaid in the absence of a basis for medically needy eligibility.

Plaintiff next cites 42 C.F.R. § 435.-1003(b), which provides that if the SSA notifies a state that a recipient has been determined ineligible for SSI, the state "must take prompt action to determine eligibility after receiving the SSA notice." This regulation, however, does not require the state to continue payments while the eligibility determination is pending. Defendant's practice of providing prompt notice of termination and right to a hearing to recipients of SSI who are about to lose their benefits is "prompt action to determine eligibility," and is all the State can reasonably be expected to do. The practice is calculated to elicit from the recipient the information necessary to enable the State to make the determination required by the regula-

tions. If that information is not forthcoming, the State cannot reach a decision about the recipient's eligibility.

B. Plaintiff next argues that the motion for summary judgment cannot be granted because there exist genuine issues of material fact. Fed.R.Civ.P. 56. Specifically, plaintiff asserts that a dispute exists as to whether defendant automatically terminated her Medicaid benefits as a result of cessation of eligibility for SSI. However, I find there is no genuine dispute as to this issue, because defendant has admitted that

> "Medicaid benefits are terminated upon a recipient's discontinuance of SSI benefits, unless the Medicaid recipient requests an administrative hearing or applies for Medicaid benefits . . . ."

█ Next, plaintiff states that there is a dispute as to whether at the time her SSI was cut off she continued to meet pertinent eligibility criteria for Medicaid coverage. Even if this fact is in dispute, it is not material to the outcome of this case. Assuming plaintiff did continue to meet the eligibility requirements for Medicaid when her SSI was terminated, the critical issue is whether that fact affects defendant's obligation to her as a former SSI recipient. I conclude that even if plaintiff did remain eligible for Medicaid, the State is not required to presume that fact until a hearing is requested. In the meantime, absent an affirmative act by the recipient, the State is required only to take "prompt action" to determine eligibility.[5]

Plaintiff next argues that the defendant possessed at the time of SSI termination sufficient information to make the eligibility determination. Defendant, on the other hand, says it did not possess such facts and did not have access to them. This factual dispute does not affect the ultimate result in this case. Even if defendant does possess the facts it needs to determine eligibility, nothing in the regulations requires continued payments until such a determination is made. As long as the State acts in a

**5.** Neither the regulations nor the State's contract with the federal government specify what

"specific action" must be taken.

"prompt" manner to make the determination, it is in compliance with the regulations. Furthermore, there is nothing in the regulations that forbids the State from notifying recipients of SSI that their Medicaid payments will be terminated upon cessation of SSI payments unless a hearing is requested or an application filed. In short, the regulations do not define "prompt action to determine eligibility" and it is not unreasonable for the State to require updated information from former SSI recipients who wish to continue receiving Medicaid as medically needy persons.[6]

Finally, plaintiff contends that there is an issue as to

"whether Defendant maintains a policy and practice of presuming persons such as Plaintiff Crippen and the class she represents are ineligible for Medicaid because they no longer receive SSI, regardless of whether they continue to otherwise meet eligibility requirements for Medicaid."

Plaintiff contends that this is a material factual issue because the policy constitutes a conclusive and irrebuttable presumption, without rational basis, which deprives plaintiff of a protected property interest and thus violates the Due Process Clause of the Fourteenth Amendment. I disagree for the simple reason that even if the presumption is applied by the State, it is easily rebuttable by the recipients, and in fact the State's notice to them invites such rebuttal.[7]

Therefore, the factual disputes raised by plaintiffs concern matters that are either not material to the outcome of the motion or which do not reflect genuine issues of fact. Therefore, this case is ripe for decision on a summary judgment motion, and the issues of law before the court can properly be decided.

## C. Stenson v. Blum.

As further support for her contention that the State cannot terminate her benefits before performing an "ex parte" determination of eligibility, plaintiff cites *Stenson v. Blum,* a district court decision from New York.[8] In that case, the court apparently reached precisely the result plaintiff seeks here on substantially similar facts and under the same regulations under consideration in this case. The court in *Stenson* found that the state could not terminate Medicaid payments to former SSI recipients

"until such time as New York State determines whether the individual class members remain eligible for Medicaid on a ground other than categorical eligibility, until such individuals receive timely and adequate notice of the proposed termination of their Medicaid benefits, and until they are accorded an opportunity for a hearing."

*Stenson, supra* at 1343. In other words, the court ordered the State to determine eligibility prior to termination of Medicaid benefits.

The *Stenson* case is virtually indistinguishable from the case now before this court. However, with all due respect, I cannot agree with the result reached in *Stenson,* where the court cited no specific authority for its holding that the state must continue Medicaid payments to former recipients of SSI while the mandatory eligibility determination is pending. The *Stenson* court cited no authority forbidding the state to require input from the recipient as part of its "ex parte" eligibility determination. Furthermore, the court admitted that the

6. The State is in fact obligated to "ensure that recipients make timely and accurate reports of any change in circumstances that may affect their eligibility." 42 C.F.R. § 435.916(b). The fact that such information may be available from other sources, such as SSA's data center or even the State's own files, does not alter the respective obligations imposed by the regulations upon the State and the recipients. The court is in no position to tell the State how it may most efficiently operate its public assist-

ance programs and cannot order the State to abandon a procedure that the law permits it to use.

7. See *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Jackson v. O'Bannon,* 633 F.2d 329, 339 (3d Cir. 1980) and the cases cited therein.

8. 476 F.Supp. 1331 (D.N.Y.1979).

"regulations clearly contemplate that state Medicaid payments to a terminated recipient must be reinstated if, but only if, the recipient requests a hearing within ten days of the mailing of notice of termination by the state."

*Id.* at 1341.[9] In other words, the court stated that if a state determines the former recipient to be ineligible for Medicaid, federal regulations require continuation of Medicaid payments to terminated SSI recipients only if the recipient requests a hearing, in which case benefits continue pending a decision reached after the hearing.[10] This result is thoroughly consistent with the conclusion I have reached in the instant case, except that the New York court did not give effect to the regulations that require recipients to "make timely and accurate reports of any change in their circumstances that may affect their eligibility." 42 C.F.R. § 435.916(b).

However, by requiring the state to make an "independent, ex parte determination" of plaintiff's Medicaid eligibility prior to sending the termination notice and requiring benefits to continue pending that determination, the *Stenson* court imposed an obligation on the state that has no basis in the regulations. In short, the *Stenson* court does not explain why the state cannot terminate benefits following a finding of ineligibility due to cessation of SSI, in accordance with 42 C.F.R. § 435.930(b), so long as the regulation's notice and hearing requirements are satisfied.

III. *Plaintiff's Due Process Claim.*

■ Because plaintiff has raised a due process claim in her complaint, the court is obliged to respond to this claim in ruling on this motion for summary judgment. Plaintiff's position is that since she continued to meet all the Medicaid requirements even after termination of her SSI, the State's policy of presuming ineligibility creates a conclusive and irrebuttable presumption, without a rational basis, which deprives her of a protected property right. I find this argument infirm on two grounds.

First, the presumption is neither conclusive nor irrebuttable. Plaintiff was given a reasonable opportunity to prevent the termination of her Medicaid benefits, as she had only to either file an application or request a hearing.

Second, the notice which advised plaintiff of her pending termination was certainly a reasonable attempt by the State to advise her of her rights under the Act and to provide her with a fair chance to protect those rights.

The court is guided here by recent decisions by the Supreme Court. In *Mathews v. Eldridge,*[11] the Court stated that due process is flexible and calls for such procedures as are necessary in a particular situation. *Mathews, supra* at 334, 96 S.Ct. at 902. The Court continued:

"Accordingly, resolution of the issue whether the administrative procedures provided here are constitutionally sufficient requires analysis of the governmental and private interests that are affected.... More precisely, our prior decisions indicate that identification of the specific dictates of due process generally require consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Id.* at 334–35, 96 S.Ct. at 902–903.

I am satisfied that the procedure used by the State fulfills the requirements of the Due Process clause. Assuming that the

---

**9.** *See* 42 C.F.R. §§ 431.231 and 431.250; 435.-1003.

**10.** *Id.*

**11.** *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *see also* cases cited at note 7, *supra.*

plaintiff's interest in Medicaid benefits is substantial and worthy of due process protection, the risk of erroneous deprivation is minimized by the State's notice and hearing provisions. In fact, if the recipient responds to the notice, there will be no deprivation at all. And, while the imposition on the State of the duty to make an independent redetermination of eligibility would reduce what little risk of erroneous deprivation does exist in the present procedure, the State has said that most persons who fail to qualify for SSI will also be ineligible for Medicaid. Therefore, the value of the additional procedure to the system as a whole and to the State is not sufficient to justify the burden it would impose.

In short, due process does not require the State to complete a Medicaid application for potential recipients.

IV. *Plaintiff's Equal Protection Claim.*

■ Plaintiff argues that the defendant's policy of terminating Medicaid eligibility based solely on ineligibility for SSI creates two classes of Medicaid recipients: (a) those Medicaid-eligible recipients whose change of circumstances require termination of SSI and (b) those Medicaid-eligible recipients who have a change of circumstances that does not affect their SSI eligibility. Plaintiff argues that since the State must redetermine eligibility for the second group (42 C.F.R. § 435.916), it must also redetermine eligibility for the first in order to avoid treating the two classes differently, in violation of the Equal Protection clause. I find this argument unconvincing.

First, the State *is* required to make the redetermination in cases where recipients lose their Medicaid benefits because their SSI has been terminated. Nothing in this opinion relieves the State of that burden. Furthermore, any difference in the approaches the State adopts to fulfill this obligation may be explained by the variations in the circumstances which trigger the obligation. In other words, the regulations require the State to "promptly redetermine eligibility when it receives information about changes (or anticipated changes) in a

recipient's circumstances that may affect his eligibility." 42 C.F.R. § 435.916(c). Presumably, with respect to the "favored class," the redetermination will be made based at least partially on information already in the State's possession, since the receipt of that information would have been the event giving rise to the obligation.

On the other hand, if the State receives notification from the SSA that a Medicaid recipient, whose eligibility for those benefits is based on his status as a recipient of SSI, is about to lose his eligibility for SSI, it is reasonable for the State to presume that the basis for Medicaid eligibility will be gone, and that if another basis for such eligibility exists, the recipient will bring it forth. The notice and hearing procedures provide a safety mechanism for those recipients who need one.

Thus, it is apparent that the different approaches to the redetermination process are attributable to the variations in factual circumstances. This becomes especially obvious when it is noted that from the first group, which plaintiff claims is favored by the policy, the State is clearly entitled to require "timely and accurate reports of any change in circumstances that may affect their eligibility." 42 C.F.R. § 435.916(b). Therefore, by requiring a former SSI recipient to request a hearing or file an application to redetermine eligibility for Medicaid, the State is asking nothing it could not require of any Medicaid recipient.

Finally, it should be noted that the State has shown that its policy is related to legitimate governmental interests, those of administrative convenience and fiscal responsibility. In short, assuming the State's policy creates two distinct classes of Medicaid-eligible persons, it is not at all evident that one class or the other is exposed to more onerous treatment, and any differences in the processes of making eligibility redeterminations have been explained by the State as rationally based on factual circumstances and founded upon regulatory requirements.

## CONCLUSION

The court has found that the federal regulations do not require the State to make

an "ex parte" determination of plaintiff Crippen's Medicaid eligibility prior to terminating her benefits under Title XIX. The regulations do impose affirmative duties on states, however, in cases where individuals who receive Medicaid because of their SSI eligibility are about to lose those benefits. When a state receives notice from the SSA that a person in plaintiff's position is about to lose SSI eligibility, the state must notify the recipient of that fact. If the state also determines that because of a change in circumstances, Medicaid benefits will cease, it must so notify the recipient. Furthermore, the recipient must be informed that he or she has ten days to apply for a hearing at which evidence or materials bearing on his or her Medicaid eligibility may be presented.

If the recipient requests such a hearing, Medicaid benefits may not be terminated until after such a hearing, and only then if the State determines the recipient to be ineligible for the benefits. However, if the recipient does not request a hearing, and if the State neither possesses nor has ready access to information sufficient to make an eligibility determination, it may presume the recipient is ineligible when his or her SSI expires.

In accordance with the above, therefore, defendant's motion for summary judgment is granted and the case is dismissed.