Simon A. BASILE, Allen G. Zaring, John E. Kuhn, et al., Wayne L. Dickerhoff, et al., Harvey C. Knowles, Jr., John E. Abdo, Trustee, et al., Plaintiffs,

Catherine Ekstrom, Plaintiff-Intervenor,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Defendant and Third Party Plaintiff,

v.

REX RAILWAYS, INC., et al., Third-Party Defendants and Third-Party Plaintiffs,

v.

MERRILL LYNCH LEASING, INC., et al., Third-Party Defendants and Third-Party Plaintiffs,

v.

Mark A. SALITAN, Third-Party Defendant.

Nos. C-1-82-740, C-1-82-748, C-1-82-774, C-1-82-857, C-1-82-1012 and C-1-83-1591.

United States District Court, S.D. Ohio, W.D.

Feb. 26, 1985.

See also 551 F.Supp. 580.

James B. Helmer, Jr., Timothy L. Bouscaren, Walker, Chatsfield & Doan, Cincinnati, Ohio, for plaintiffs.

Peter L. Cassady, Cincinnati, Ohio, for plaintiff-intervenor Ekstrom.

Michael F. Haverkamp, Cincinnati, Ohio, for Merrill Lynch, Pierce, Fenner & Smith, Inc.

Michael G. Long, F. James Foley, Columbus, Ohio, for Rex Railways, and Rex-Noreco.

Kevin B. McCarthy, Springfield, Ill., for Robert D. McGann, M.D.

Donald D. Saxton, Washington, Pa., appeared at Class Certification Hearing.

SPIEGEL, District Judge:

This matter is before the Court for consideration of plaintiffs' motion to certify this case as a class action (doc. 47). Defendant Merrill Lynch filed a memorandum in opposition to the motion (doc. 64). For reasons that need not be detailed here, the hearing and decision on this matter were postponed a number of times. Plaintiffs filed a supplemental memorandum in support of their motion (doc. 140). The matter came on for a hearing in August of 1984 (doc. 175). Following the hearing, at the Court's request, plaintiffs filed a post hearing memorandum in support of the motion (doc. 177), defendant Merrill Lynch (doc. 181) and third-party defendant Rex Railways (doc. 179) both filed memoranda in opposition to it, and the plaintiffs filed a reply memorandum in support of the motion (doc. 184). The motion is finally ripe for decision. S.D.Ohio R. 4.0.4.

This lawsuit arises out of the purchase and sale of boxcars between July of 1978 and October of 1979. Defendant Merrill Lynch acted as placement agent for third-party defendant Rex Railways in selling boxcar management programs designated as 1978–A, 1978–B, 1979–C and 1979–D. In a nutshell, investors purchased railroad boxcars, which were then leased to railway companies with Rex as manager. The 1978–A program involved the sale of 300 boxcars to 68 investors, who resided in 19 different states. The 1978–B program involved the sale of 200 boxcars to 24 investors, who resided in 12 different states. There were 500 boxcars sold in the 1979–C program to 96 investors residing in 28 different states. And, 87 investors from 30 different states bought the 400 boxcars that comprised the 1979–D program. A decline in utilization rates of the boxcars began in the fall of 1979 resulting in performance that has been much worse than expected. Investors were notified of the

performance of the programs by both Rex and Merrill Lynch. In August of 1982, the five lawsuits were filed that form the core of the present litigation.

For the reasons stated below,[1] the motion to certify the case as a class action is granted and the class will be defined as follows:

All purchasers of boxcars in Third-Party Defendant Rex Railway's 1978–A, 1978–B, 1979–C, and 1979–D Boxcar Management Programs sold by Defendant Merrill Lynch.

SUBCLASS A  All members of the class who purchased boxcars in the 1979–D Boxcar Management Program.

SUBCLASS B  All members of the class who are or were residents of the State of Ohio, such that the provisions of Ohio Revised Code Section 1707, *et seq.*, apply to their purchases of Boxcar Management Programs.

■ The party asserting the right to utilize the class action device bears the burden of establishing its right to do so. *Senter v. General Motors Corp.*, 532 F.2d 511, 522 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). The plaintiffs must prove that all four prerequisites of Rule 23(a) are satisfied; then they must also demonstrate that the proposed class falls within one of the subcategories of Rule 23(b). *Id.* The plaintiffs seek certification in this case under Rule 23(b)(3).

*Rule 23(a)*

(a) Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or de-

---

1. Counsel will undoubtedly be disappointed at the number of legal issues that, although raised and briefed at some length, have been omitted from our discussion. The Court carefully considered the more than two hundred pages of issues and arguments, pleas and demands, charges and counter-charges, submitted in connection with this motion. We have found, quite frankly, that the majority of that discussion is simply not pertinent to our resolution of the issue at hand.

fenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

■ (1) The requirement of numerosity expressed in 23(a)(1) is not one of impossibility or infeasibility of joinder, merely one of impracticability. There is no specific number of parties necessary to constitute a legitimate class. *Senter*, 532 F.2d at 523 n. 24. However, where the number of class members is very large, as in this case, sheer numbers can make joinder impracticable. 1 *Newberg on Class Actions* § 1105b, at 174 (1977). Two of the four class claims here apply to the entire class of 275 investors; the other two class claims involve smaller portions of the whole, groups of 87 and 23 investors. The defendants argue that each of these subclasses must independently meet the 23(a)(1) requirement, and we find that they do. Paraphrasing another district court's view of the first requirement of the rule, while 23 may not be a large number when compared to other classes that have been certified, it is a large number when compared to a single unit; there is no reason to encumber the judicial system with 23 consolidated lawsuits when one will do. *See Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452 (E.D.Pa.1968). The proposed class and subclasses in the instant case satisfy the requirement that joinder of all the members' cases be impracticable.

(2) Defendants do not contest the presence of issues of law and fact that are common to the class. Therefore, the requirement of 23(a)(2) is also met. With the satisfaction of the first two prerequisites of Rule 23(a), we have already established that the class as defined is appropriate for class action treatment. Next, we must examine the final two requirements of Rule 23(a) to decide whether the chosen representatives are also appropriate.

(3) The Sixth Circuit has stated that, if the representative was a member of the class at the time the suit was filed, his claims will be typical. *Senter*, 532 F.2d at 525. Likewise, the Supreme Court has held

that the named plaintiff must not only be "a part of the class" but also must "possess the same interest and suffer the same injury." *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977). In *East Texas* the named plaintiffs challenged employment practices that they claimed locked minorities into lesser-paying jobs with the employer; however, as the named plaintiffs were admittedly unqualified for the better-paying jobs, they had suffered no injury as a result of the practices they challenged. *Id.* at 403–04, 97 S.Ct. at 1896–97. In the instant case, there is no dispute that all the named plaintiffs and the members of the putative class suffered injuries of the same type as a result of a common fact, the decline in utilization rates of their boxcars.

Defendant Merrill Lynch raises numerous reasons for finding the claims of the named plaintiffs to be atypical; among these are the degree of reliance, the sophistication of the investors, the motives of the investors, and the defenses available against the individual investors. The rule does not require that the claims of the named plaintiffs be identical to the claims of the absent class members, however, merely that they be typical of them. Typicality should be found if the claims arise from the same practice or course of conduct and are based on the same legal theory. *Newberg, supra* at 191.

Applying these varying standards to the instant case, the Court has little difficulty in finding that the named and intervening plaintiffs have met the requirement that their claims be typical. All the named plaintiffs and the one intervening plaintiff are members of the class as defined. The injuries claimed arose out of a practice or course of conduct engaged in by the defendants and were similar in type, if not in amount. The legal claims asserted as class claims involve similar legal theories for all members of the class, or the appropriate subclass.

(4) The final prerequisite of Rule 23(a) insures that the representatives of the

class will fairly and adequately represent the absent class members. Various courts addressing this issue have identified many factors to be considered in assessing the adequacy of representation offered by the named plaintiffs in a class action. Chief among these are the absence of antagonism between the interests of the named plaintiffs and the interests of the other class members, the competence of counsel for the class, and the willingness of the named plaintiffs to vigorously prosecute the interests of the class. *Sosna v. Iowa*, 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975); *Cross v. National Trust Life Insurance Co.*, 553 F.2d 1026, 1031 (6th Cir.1977). Other factors that may be pertinent include indications that the named plaintiff was not the driving force behind the suit, other litigation pending between the plaintiff and the defendants, plaintiff's vindictiveness toward the defendants, and the degree of support from other class members. *Davis v. Comed, Inc.*, 619 F.2d 588, 593–94 (6th Cir.1980).

In challenging the adequacy of the representation offered by these named plaintiffs to the absent class members, defendants in this case focus primarily upon the fact that the named plaintiffs have settled their individual claims against Rex Railways and cannot, therefore, represent the class against Rex. For several reasons, the Court does not find that this fact results in any antagonism between the interests of the named plaintiffs and the interests of the absent class members. First, only individual claims were asserted against Rex, not class claims. Second, notice can be fashioned to the absent class members to inform them of the parameters of this suit; indeed, counsel for the plaintiffs have attached a proposed notice that addresses this issue quite well. Third, although plaintiffs agreed not to disclose the terms of the agreement, they did not agree to keep the fact that agreement had been reached from other class members. Rex's professed fear that numerous other boxcar purchasers will rush to sue it once they receive the proposed notice to class members seems unfounded, in light of the one intervening plaintiff's decision not to sue Rex, even though she was not part of the earlier settlement. The Court encourages parties to settle their disputes if possible; we will not find such a settlement an impediment to certification of class claims against other, independent defendants. The class claims asserted against defendant Merrill Lynch by the named plaintiffs are identical to the claims of the absent parties; by pursuing this litigation on their own behalf, the named plaintiffs must necessarily advance the interests of all others in the class.

Defendant Merrill Lynch also spends much time and effort attacking the ethics and the strategies of counsel for the named plaintiffs. Certain of these matters have recently been addressed by the Court in affirming orders issued by the United States Magistrate in discovery matters (doc. 200). Other of the claims and charges raised by the defendants merit no discussion whatsoever. This Court has no hesitation in concluding that counsel for the plaintiffs are competent and will vigorously litigate this case for the benefit of all plaintiffs. In past association with both counsel, the Court has found their behavior to be above reproach and their abilities to be exceptional.

Having examined the submissions of the parties carefully, the Court concludes that there are no antagonisms that would prevent the named plaintiffs from fairly and adequately representing the absent class members, that counsel chosen by the named plaintiffs are competent to manage this litigation for the class, and that none of the other factors sometimes considered in addressing the adequacy-of-representation requirement of Rule 23(a)(4) are pertinent here. Therefore, the plaintiffs have shown to this Court's satisfaction that they will fairly and adequately represent the interests of the plaintiff class in pressing the claims asserted on behalf of the class.

*Rule 23(b)*

The parties have shown that they meet all four requirements of Rule 23(a), but the

class will not be certified unless they can also show that the class falls into one of the categories of Rule 23(b). Although the plaintiffs claim that the class could be certified under either 23(b)(2) or (3), they seek certification under 23(b)(3):

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

In opposing certification under 23(b)(3), defendants first point out that only four of the nine claims in the amended complaint are pressed as class claims; this, they argue, is clear proof that the common issues do not predominate in this action. To accept this argument would be to render meaningless subdivision (c)(4) of Rule 23, which permits an action to be maintained as a class action with respect to particular issues only. The four legal theories advanced as class claims do contain issues of law and fact common to all members of the class; even the defendants do not disagree with this contention. In support of their respective positions on predominance, the parties have, perhaps of necessity, delved into the merits of the legal issues involved. However, in deciding whether to certify the class, the Court should not address the merits of the plaintiffs' claims, but should simply determine whether the requirements of Rule 23 have been met. *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1201 (6th Cir.1974). As to the four claims asserted as class claims,[2] each member of the class is suing under the same statute, complaining of the same act of omission or failure to register. Any individual defenses that may be raised are clearly subordinate to the larger common questions of liability.

Examining the four factors contained in the rule, we also find that class treatment is the superior method for adjudicating these claims. It is unlikely that any individual investor would prefer to litigate this suit alone, especially as the case was filed two and one-half years ago and already involves some two hundred documents. This reluctance is reflected in the small number of suits pending in other courts as a result of the actions complained of here. There are apparently three state court actions, one of which has been consolidated with the actions filed here, one other action brought in this judicial district but not consolidated, and the five suits consolidated into this action. Counsel for one state court plaintiff appeared at the hearing on the certification issue and stated that his client did not oppose the certification of the class on the grounds that the investor would prefer to retain personal control over the course of the litigation. In fact, no potential class member has opposed the certification of the class on any grounds, and several have taken steps to support it.

**2.** The plaintiffs' second amended complaint is document 92. The two claims asserted on behalf of the entire class are the First Claim, which arises under § 12(1) of the Securities Act of 1933, 15 U.S.C. § 77l(1), and the Third Claim, which arises under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). The other two class claims are asserted only on behalf of subclasses: The Fourth Claim arises under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l(2), and is pressed on behalf of purchasers in the 1979–D boxcar program; finally, the Sixth Claim, which arises under Ohio Revised Code § 1707.01 *et seq.*, is asserted only on behalf of Ohio purchasers.

Concentration of the litigation in this Court is appropriate, as we are already deeply immersed in the cases pending here. Of the class members who have already commenced legal proceedings against Merrill Lynch, most have chosen to do so in this district, for whatever reasons. It would, therefore, be desirable to concentrate the litigation of the claims in this forum.

Finally, in addressing the difficulties that will likely be encountered in managing this lawsuit if it is certified as a class action, the Court finds them to be no more intimidating than the difficulties invariably encountered in managing a suit involving large numbers of plaintiffs who each have several claims. Counsel for the plaintiffs have proposed one possible means of managing this case for trial. At some point in the future, the Court will ask for opinions on this same topic from counsel for defendant Merrill Lynch and the third-party defendants. At the present time, it is sufficient that we find that the advantages to the class, and indeed to the defendant, of condensing the litigation into one class action brought in one district court far outweigh the procedural problems presented. The alternative method urged upon us by the defendants is to try one test case; however, the Court believes that such a case would not dispose of any of the issues in the other cases, as it is problematic that no one would be bound by the results of the test case. In certifying the class under Rule 23(b)(3), we will protect the interests of the class members, resolve the common issues in one suit, and we will also protect the defendant from the need to defend itself in diverse cases in diverse courts across the country, as it appears that few class members will opt out of the class and sue on their own.

In conclusion, we find that the class defined above meets the requirements of Rule 23(a) and falls into the category of Rule 23(b)(3). As all class members' names and addresses are known, it will be a relatively easy matter to provide notice to the class. Counsel for the parties will jointly submit to the Court a proposed notice to the class members no later than March 22, 1985. If the parties are unable to agree upon any narrow issue to be addressed in the notice, each side will submit the wording it would wish included and a *brief* statement of the law supporting its position; the Court will choose between the various versions of the language.

SO ORDERED.