**George E. COTTRELL, et al., Plaintiffs,**

**v.**

**Charles S. LOPEMAN, et al.,
Defendants.**

**No. C–2–85–1310.**

United States District Court,
S.D. Ohio, E.D.

April 2, 1987.

**652**

Robin Bozian, Southeastern Ohio Legal Services, Marietta, Ohio, Thomas W. Weeks, Ohio State Legal Services Ass'n, Columbus, Ohio, Carolyn L. Carter, Anita Myerson, Cleveland Legal Aid Soc., Cleveland, Ohio, for plaintiffs.

John F. Kozlowski, Asst. Atty. Gen. of Ohio, Columbus, Ohio, for defendants Lopeman, Ross, Jones.

James A. Barnes, Atty. Gen. of Ohio, Columbus, Ohio, for defendant Steinbacher.

Lawrence J. Hackett, Asst. Atty. Gen., Columbus, Ohio, of counsel, for Unemployment Compensation Bd. of Review.

## MEMORANDUM AND ORDER

HOLSCHUH, District Judge.

This matter is before the Court on plaintiffs' motion for class certification.[1] Plaintiffs seeks to represent three classes:

1. all unemployment compensation claimants who have been or will be denied the right to a face-to-face referee hearing pursuant to Ohio Rev. Code § 4141.28(J) because they or their employers are not Ohio residents (Class A);

2. all unemployment compensation claimants who have or will have referee hearings scheduled and who have been or will be denied meaningful access to their Ohio Bureau of Employment Services (OBES) and Board of Review files (Class B); and

3. all unemployment compensation claimants who prevail at a referee hearing, whose former employers apply to institute further appeal, and who are denied the right to respond (Class C).

Defendants have opposed the motion on the grounds that the Court should abstain from hearing this action, that plaintiff has failed to meet the prerequisites of class certification, and that class certification is unneces-

---

1. On January 14, 1987 this Court granted the motion of Danny Roton, Sr. to intervene as a named plaintiff in this action. It is therefore appropriate to consider plaintiff Roton, as well, in reaching a decision on class certification. *See McKay v. Heyison,* 614 F.2d 899, 908 (3d Cir.1980).

sary in the instant case. This Court has previously ruled that this is not an appropriate case for abstention, and it is therefore unnecessary to consider defendants' first argument.

The facts of this case have been set forth in this Court's recent order denying defendants' motions to dismiss.

## LEGAL ANALYSIS

### A. STANDING

As an initial matter, this Court requested additional briefing from the parties on the issue of whether plaintiff Cottrell had standing to bring the present action. Standing requires proof of "injury in fact and a substantial likelihood that the judicial relief requested will prevent or reduce the claimed injury." *Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 79, 98 S.Ct. 2620, 2633, 57 L.Ed.2d 595 (1978). Standing is measured at the time suit is filed. *United States Parole Commission v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980).

Plaintiff filed this action on August 12, 1985 alleging that defendants had refused to schedule a face-to-face hearing for him on his unemployment compensation claim and denied him meaningful access to his files to prepare for his hearing. The telephone hearing was held the next day. Plaintiff then filed his motion for conditional class certification on August 19, 1985. Two days later the Board of Review ruled in plaintiff's favor on his unemployment compensation claim. A subsequent appeal by his employer also resulted in a favorable ruling for plaintiff.

In his brief on standing plaintiff has also argued that he is again being subjected to the telephone hearing procedure because he was required to file an additional application for benefits. Although the Board originally found for plaintiff, the telephone hearing is being held on his former employer's motion for reconsideration of that decision. It is the understanding of the Court that this hearing has been stayed by Order of Judge Kinneary in *Cottrell v. Steinbacher,* Case No. C–2–86–0112.

Accordingly, the issue before this Court is whether the mere possibility that plaintiff would be denied benefits at the time plaintiff initiated this action is sufficient to provide the requisite injury in fact. The Court believes that it does.

A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement. But "[o]ne does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending that is enough."

*Babbitt v. United Farm Workers National Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1974). (citations omitted).

At the time plaintiff initiated this action he was facing a hearing and hearing procedures which he claimed violated his constitutional rights. This is sufficient to constitute an injury in fact and to provide plaintiff with the requisite standing to initiate this action. *Accord McKay v. Heyison,* 614 F.2d 899 (3d Cir.1980).

### B. CLASS CERTIFICATION

Plaintiffs moves pursuant to Fed.R.Civ. P. 23 for certification of the three classes identified earlier as Class A, Class B, and Class C. The Sixth Circuit requires a district court to carefully consider whether the requirements of Rule 23 are satisfied prior to certifying a class. *Shipp v. Memphis Area Office, Tenn. Department of Employment,* 581 F.2d 1167 (6th Cir.1978); *Alexander v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers, AFL–CIO,* 565 F.2d 1364 (6th Cir. 1977); *Senter v. General Motors Corp.* 532 F.2d 511 (6th Cir.1976).

The Court has broad discretion in determining whether an action is maintainable as a class action. *Kentucky Educators Public Affairs Council v. Kentucky Registry of Election Finance,* 677 F.2d 1125, 1135 (6th Cir.1982) (citing *Ott v. Speedwriting Publishing Company,* 518 F.2d 1143 (6th Cir.1975)). The party seeking certifi-

cation as a class has the burden of establishing the prerequisites. *Senter*, 532 F.2d at 522; *Basile v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 105 F.R.D. 506, 507 (S.D. Ohio 1985). To meet this burden, plaintiff must show that all four of the prerequisites of Rule 23(a) are satisfied, and then must demonstrate that the class falls within one of the subcategories of Rule 23(b). *Senter*, 532 F.2d at 522; *Basile*, 105 F.R.D. at 507.

■ The threshold requirement in any determination of class certification is identification of the parameters of the proposed class. If a class is so vague that it is not susceptible to ready identification, then problems arise with respect to providing notification to class members, the binding effect of any judgment rendered in the case, and general concerns of the propriety of an overly large class. *See generally, General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160–61, 102 S.Ct. 2364, 2372–73, 72 L.Ed.2d 740 (1981). The Court finds that plaintiffs have set forth the three classes which they wish to represent with reasonable specificity.

Fed.R.Civ.P. 23(a) requires plaintiff to show that "the class is so numerous that joinder of all members is impracticable...." Fed.R.Civ.P. 23(a)(1). There is no bright line numerical test by which the district court can determine when the numerosity requirement is satisfied and the Sixth Circuit has noted that a class does not require any specific number of members: "Impracticability of joinder is not determined according to a strict numerical test but upon the circumstances surrounding the case." *Senter*, 532 F.2d at 523 n. 24. The key to determining whether the numerosity requirement of Rule 23(a)(1) is satisfied rests on the impracticability of joining potential class members. Satisfaction of the numerosity requirement does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required. *See Arkansas Educ. Ass'n v. Board of Educ. of Portland*, 446 F.2d 763 (8th Cir.1971); *Samuel v. University of Pittsburgh*, 56 F.R.D. 435 (W.D.Pa.

1971). In *Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir.1982), the Ninth Circuit considered, among other factors, the geographical diversity of the plaintiffs and the ability of class members to institute separate suits to determine that the numerosity requirement was satisfied.

In the present case, plaintiffs have stated that Class A would consist of those persons who are denied a face-to-face hearing because they or their employers reside out of state. It is plaintiff's position that these persons should have the option of returning to Ohio for a face-to-face hearing if they wish to do so. Taking even the most minimal possible figure, as set out in the affidavit of Douglas Brown, Chief referee of the State of Ohio Unemployment Compensation Board of Review, the class would number at least fifty-two people. Additionally, the membership of Class A changes constantly which makes it highly impracticable to join all potential class members. *See Santiago v. City of Philadelphia*, 72 F.R.D. 619, 624 (E.D.Pa.1976).

Class B would be composed of all claimants who will have referee hearings scheduled and who have been denied meaningful access to their OBES and Board of Review files. Class B would include the members of Class A and all other claimants who had hearings and who were denied meaningful access to their files. As in the case of Class A, the membership of this class would be constantly changing making joinder impracticable.

Class C would consist of all claimants who prevail at the referee hearing, whose former employers apply to institute further appeal, and who are denied the right to respond prior to the Board of Review making a determination on the application. Defendants have not disputed the numerosity of this class and, as in the case of Classes A and B, the constantly changing makeup of the class would make joinder impracticable. The Court therefore finds that in view of the size of the respective classes and the difficulty of joinder, the numerosity requirement of Rule 23(a)(1) is satisfied.

The second requirement of Rule 23(a) is that "there are questions of law or fact

common to the class." Fed.R.Civ.P. 23(a)(2). In the case of Class A, the legal question presented is whether denial of an opportunity for a face-to-face hearing violates the due process and equal protection clauses and 42 U.S.C. § 503(a)(3). In the case of Class B, the legal question presented is whether defendants' file access procedure violates the due process and equal protection clauses and 42 U.S.C. § 503. In the case of Class C, the legal question presented is whether defendants' refusal to permit a response to the employer's appeal application violates the due process clause and 42 U.S.C. § 503. These questions satisfy the commonality requirement of Rule 23(a)(2).

Rule 23(a)(3) requires the claims of the class representative to be "typical of the claims ... of the class." Fed.R.Civ.P. 23(a)(3). The typicality requirement focuses on the type of injury suffered by the class members and the interests of the various class members. *See Senter*, 532 F.2d at 525. In the case of Class A, plaintiffs' claims are typical of those claimants who reside outside of the State of Ohio and who are denied the opportunity of a face-to-face hearing in Ohio should they wish to have one. Plaintiffs' claims are not typical of persons who reside in the State of Ohio but who are denied a face-to-face hearing because the employer resides outside of the State of Ohio. The interests of an out-of-state employer may well be different from those of an out-of-state claimant. In the case of Classes B and C, plaintiffs' claim are typical of each class in that all persons in these particular situations are subject to the same policy and procedure. In each of these classes, as now defined by the Court, the plaintiffs' claims are typical of both the interest and injury suffered by the putative classes and this requirement has therefore been met.

Finally, plaintiffs must show that they "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). Criteria for assessing the adequacy of representation include whether the plaintiff has common interests with the class members and whether the representative will vigorously prosecute the interests of the class through qualified counsel. *Senter*, 532 F.2d at 524–25. A factor in determining the vigor of representation concerns the representatives' resources to investigate class claims and to contact other class members. *See Bowen v. General Motors Corp. A.C. Spark Plug Div.*, 542 F.Supp. 94, 100–02 (N.D. Ohio 1981); *Ingram v. Joe Conrad Chevrolet, Inc.*, 90 F.R.D. 129, 132 (E.D.Ky.1981). Defendants do not dispute, nor does this Court, that plaintiffs are represented by qualified counsel—the Southeast Ohio Legal Services, the Ohio State Legal Services Association, and the Legal Aid Society of Cleveland. *See Ross v. Giles*, Case No. C–2–81–902 (Memorandum and Order dated October 23, 1984). Defendants do argue, however, that in regard to Class A, plaintiffs' interests are inimically at odds with those of the putative class members because many claimants may not wish to travel to Ohio for a hearing. Defendants have misconstrued the nature of the relief requested by plaintiffs. It is not plaintiffs' position that defendants be required to conduct face-to-face hearings, but rather, that claimants be given the option of a face-to-face hearing should they wish to travel to Ohio. As such, plaintiffs' interests are not at odds with those of Class A, nor does the Court find a conflict of interests between plaintiffs and the members of Class B or C.

It is clear that should plaintiff Cottrell be proceeding individually in this case a serious question as to mootness would be raised in that his original claim was allowed and he was awarded benefits.[2] *See DeFunis v. Odegaard*, 416 U.S. 312, 94

---

**2.** Plaintiff has submitted an additional affidavit with this Court stating that during the pendency of this proceeding his benefits have again come up for review. He received a favorable decision and his former employer's motion for reconsideration was denied. The employer again appealed, however, and plaintiff was then notified that a telephone hearing would be held on the appeal from the decision on reconsideration. That hearing was stayed by Judge Kinneary of this Court in the case of *Cottrell v. Steinbacher*, Case No. C–2–86–0112. The Court has not been advised as to whether that hearing has ever taken place.

S.Ct. 1704, 40 L.Ed.2d 164 (1974). Different considerations, however, come into play when a plaintiff wishes to proceed as the named representative of a class.

In *Sosna v. Iowa,* 419 U.S. 393, 402, 95 S.Ct. 553, 558–59, 42 L.Ed.2d 532 (1975) the Court held that mootness of the named plaintiff's individual claim after a class had been certified would not render an action moot.

> Although the controversy is no longer live as to appellant Sosna, it remains very much alive for the class of persons she has been certified to represent. We believe that a case such as this, in which, ... the issue sought to be litigated escapes full appellate review at the behest of any single challenger, does not inexorably become moot by the intervening resolution of the controversy as to the named plaintiffs.

*Id.* at 401, 95 S.Ct. 558. The Court also recognized that in some situations the named plaintiff's claim could become moot, as in the present case, prior to class certification. "In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review." *Id.* at 402 n. 11, 95 S.Ct. at 559 n. 11.

This situation was before the Court in *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), a case involving a class of pretrial detainees. The Court noted that the record failed to establish whether any of the named plaintiffs were still in custody at the time the district court certified the class as would normally be required in order to avoid a finding of mootness. The Court then found the case to be a suitable exception to the requirement.

> It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain.

*Id.* at 110–11, n. 11, 95 S.Ct. at 861 n. 11.

■ A review of the facts in the present case establishes that the claims being advanced by plaintiffs fall into the category of claims "which are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *United States Parole Commission v. Geraghty,* 445 U.S. 388, 399, 100 S.Ct. 1202, 1210, 63 L.Ed.2d 479 (1970). This is true whether the mootness of plaintiff's individual claim is caused by "expiration" or by judgment on the claim. *Id.* at 401, 100 S.Ct. at 1211. In *Geraghty,* 445 U.S. at 403–04, 95 S.Ct. at 1212, the Court concluded:

> [T]he purpose of the "personal stake" requirement is to assure that the case is in a form capable of judicial resolution. The imperatives of a dispute capable of judicial resolution are sharply presented issues in a concrete factual setting and self-interested parties vigorously advocating opposing positions. We conclude that these elements can exist with respect to the class certification issue notwithstanding the fact that the named plaintiff's claim on the merits has expired. The question whether class certification is appropriate remains as a concrete, sharply presented issue. In *Sosna v. Iowa* it was recognized that a named plaintiff whose claim on the merits expires *after* class certification may still adequately represent the class. Implicit in that decision was the determination that vigorous advocacy can be assured through means other than the traditional requirement of a "personal stake in the outcome."

In the present case plaintiff Cottrell filed his appeal with the Board of Review on July 24, 1985. He was advised on August 3, 1985 that a hearing by telephone would be conducted on August 13, 1985. The hearing was held on that date and a decision rendered on August 21, 1985. By letter dated September 6, 1985 plaintiff was notified that his employer had filed an

application to institute further appeal. Plaintiff's request for a copy of that application was denied on September 19, 1985. The employer's application was denied on January 14, 1986. There is no evidence before the Court which would tend to reflect the time of sequence that plaintiff's claim was atypical of claims of this nature. The evidence also establishes that the Board of Review conducts approximately 400 hearings a week, approximately 40 of which are conducted by telephone. The Court therefore finds the claims sufficiently transitory to avoid a finding of mootness. Considering the nature of the proceeding before the Board, it would be virtually impossible for a party's claim to be pending throughout the litigation in the case or prior to class certification.

A finding of justiciability does not, however, mean that the requirements of Rule 23(a)(4) have automatically been met. The Court must still determine the ability of the named representative to fairly and adequately protect the interests of the class. *Id.* at 405–06, 95 S.Ct. at 1213–14. An issue has been raised as to plaintiff Cottrell's ability to fairly and adequately protect the interests of the class because he received a favorable decision on his claim for benefits. It is undisputed, however, that he is again involved in a review of the Board's decision which could result in a determination in favor of his employer. Additionally, this does not alter the fact that he contests the manner in which the proceedings were conducted and that at the time he instituted the action he was a proper representative of the purported classes. *See Gaddis v. Wyman,* 304 F.Supp. 713, 715 (S.D.N.Y.1969). Any remaining doubt is dispelled by the fact that plaintiff Roton, also a named plaintiff in this action, has received an unfavorable determination from the Board. The Court is therefore convinced that the representatives will protect the interests of the class.

In addition to meeting the requirements of Rule 23(a), a proposed class must also satisfy at least one of the criteria set forth in Rule 23(b). In the present case, plaintiff moves for class certification pursuant to Rule 23(b)(2). This section provides that certification of a class is appropriate when class representatives are seeking "final injunctive relief or corresponding declaratory relief...." Fed.R.Civ.P. 23(b)(2). This rule seeks to correct situations where the defendant's conduct or refusal to act is affecting all class members and the conduct is susceptible to correction through the court's equitable powers. Certification under Rule 12(b)(2) is therefore appropriate when a party opposing the class has acted in a consistent manner towards the purported class members so that the defendant's actions are part of a pattern or practice of activity, *Ellender v. Schweiker,* 550 F.Supp. 1348 (S.D.N.Y. 1982); *Crippen v. Dempsey,* 549 F.Supp. 643 (W.D.Mich.1982); *Bermudez v. United States Department of Agriculture,* 490 F.2d 718 (D.C.Cir.1972), *cert. denied,* 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973), or when a defendant has established a regulatory scheme common to all class members. *White v. Beal,* 413 F.Supp. 1141 (E.D.Pa.1976), *aff'd on other grounds,* 555 F.2d 1146 (3d Cir.1977); *see* Wright & Miller, 7A Federal Practice and Procedure § 1775 (1972). Rule 23(b)(2) is applicable when the court's equitable power is the primary form of relief sought, not when "the appropriate final relief relates exclusively or predominantly to money damages." Fed.R.Civ.P. 23(b)(2) advisory committee notes to 1966 amendments; *see Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304, 1314 (9th Cir.1977).

In the present case whether or not the purported class members wish to have a face-to-face hearing, different access to their files, or the right to respond to an employer's appeal application, does not alter the fact that the defendants' policy in each of these situations is consistent and contrary to what plaintiff believes due process and section 503 require. The relief requested is equitable in nature.

Defendants further argue that certifying a class action in this case is unnecessary because any declaratory or injunctive relief accorded to the plaintiff will accrue to the benefit of others similarly situated relying upon *Craft v. Memphis Light, Gas & Wa-*

*ter Division,* 534 F.2d 684 (6th Cir.1976), *aff'd on other grounds,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1977).

The Court does not find this argument persuasive. In *Califano v. Yamasaki,* 442 U.S. 682, 701, 99 S.Ct. 2545, 2557–58, 61 L.Ed.2d 176 (1979), the Supreme Court held in approving certification of a class action, that once the court has determined it has jurisdiction over the individual claim, it has the discretion to determine whether or not to certify a class action for the litigation of those claims. In the present case, several factors militate against accepting defendants' argument. First, the mere fact that class certification may not be a "superior" way in which to handle this case, is not an appropriate basis for denying certification of a Rule 23(b)(2) class. *See Penland v. Warren County Jail,* 759 F.2d 524 (6th Cir.1985) (en banc), 797 F.2d 332 (6th Cir. 1986). Second, defendants' argument overlooks the serious question of mootness which is raised in plaintiffs' claim. This issue was considered by the court in *Johnson v. City of Opelousas,* 658 F.2d 1065, 1070 (5th Cir.1981) (cited with approval by the Sixth Circuit in *Penland*):

> Certification of a class action under Rule 23(b)(2) is "especially appropriate where, as here, the claims of the class may become moot as the case progresses." *Adams v. Califano,* 474 F.Supp. 974, 979 (D. Maryland 1979), *aff'd sub nom. Adams v. Harris,* 643 F.2d 995 (4th Cir. 1981). Since "[t]he risk of mootness is great in this litigation and the issue raised is important not only to [appellant] but others similarly situated," *Hoehle v. Likins,* 538 F.2d 229, 231 (8th Cir.1976), we hold that the trial court abused its discretion in refusing to certify an otherwise appropriate class because of "lack of need," and we reverse the denial of class status.

The Court finds the present action to be well-suited for class-action treatment under Fed.R.Civ.P. 23(b)(2). *Accord Morrison v. Steinbacher,* Case No. C–2–86–0112 (S.D. Ohio, Order dated April 24, 1986).

Accordingly, plaintiff's motion for class certification is GRANTED with the classes being composed as follows:

Class A—all Ohio unemployment compensation claimants who have been or will be denied the right to a face-to-face hearing pursuant to Ohio Rev. Code § 4141.28(J) because they are not Ohio residents;

Class B—all Ohio unemployment compensation claimants who have or will have referee hearings scheduled and who have been or will be denied meaningful access to their OBES and Board of Review files:

Class C—all Ohio unemployment compensation claimants who prevail at a referee hearing, whose former employers apply to institute further appeal, and who are denied the right to respond to such application.

Each class is limited in time to those persons whose claims were not barred by the applicable statute of limitations on the date the complaint in this action was filed.

IT IS SO ORDERED.