Rhonda GOULD, et al., Plaintiffs,

v.

Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant.

No. C2–87–0964.

United States District Court,
S.D. Ohio,
Eastern Division.

June 6, 1989.

Anne Rubin, Timothy Foran, Athens, Ohio, Thomas W. Weeks, Ted Kern, Columbus, Ohio, David B. Dawson, Susan Morgenstern, Cleveland Legal Aid Soc., Cleveland, Ohio, for Conkey, Spencer & Lowe, for plaintiffs.

J.E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

The background of this case is more fully set forth in this court's opinion and order of August 24, 1988, and will not be repeated here unnecessarily. Briefly stated, plaintiffs, Rhonda Gould, Richard Conkey, Sr., and Shawn Spencer, seek certification of a class and class-wide relief relating to the former practice of the Secretary of Health and Human Services in calculating the amount of supplemental security income ("SSI") benefits. The amount of SSI benefits will vary according to other income being received by the successful SSI claimant. Until a statutory amendment in 1988, the Secretary had considered Aid to Families with Dependent Children ("AFDC") benefits being received by a person who then became eligible for SSI benefits as relevant income, and used that income in calculating the first two months' of SSI benefits, even though the Secretary was aware that AFDC benefits would terminate when SSI benefits began. This method of calculation, which treated AFDC benefits in the same manner as other income being received by the SSI recipient at the time SSI benefits commenced, had the result of reducing the first two months' SSI payments. Thereafter, when the Secretary recalculated entitlement to benefits, AFDC payments would not appear and SSI benefits would increase for the balance of the time that the recipient was eligible for SSI payments. The plaintiffs contend that the Secretary's failure to promulgate regulations to implement the so-called "reliable information" exception to the benefits calculation method, found in 42 U.S.C. § 1382(c)(4)(B), was a violation of that statutory duty, as well as the Administrative Procedure Act and the due process clause, and that such failure led to the two-month reduction in SSI benefits experienced by the named plaintiffs and others similarly situated.

This court's August 24, 1988 opinion and order declined to dismiss this case on grounds that the named plaintiffs, or other class members had failed to present their claims to the Secretary or had failed to exhaust available administrative remedies. The opinion and order also permitted plaintiffs Conkey and Spencer to intervene. Since the date of that order, a number of additional motions have been filed, all of which will be disposed of by this opinion and order. They include:

(1) Plaintiffs' motion for class certification, filed on September 26, 1988, opposed on November 21, 1988, and further supported by a reply memorandum filed January 4, 1989;

(2) The motion of Theodora Lowe for intervention, filed on January 10, 1989, opposed on February 9, 1989, and further supported by a reply brief filed on April 18, 1989;

(3) Defendant's memorandum of February 9, 1989 asking for reconsideration of the August 24, 1988 order, which was addressed by plaintiffs' supplemental memorandum filed on April 18, 1989; and

(4) A number of procedural motions, including plaintiffs' motion to strike various of the Secretary's filings as untimely, and the Secretary's corresponding motions for leave to file his February 9, 1989 memoranda instanter, and his motion for leave to file his answer to the intervenors' complaint.

Although plaintiffs correctly point out that the Secretary made a number of filings which are not authorized by or were untimely under the Local Rules, because of the importance of the question presented, and the lack of prejudice to plaintiffs, the court will consider the Secretary's filings and will also permit the Secretary to file his answer to the intervenors' complaint. Consequently, plaintiffs' motion to strike is DENIED and the Secretary's February 28, 1989 and March 2, 1989 motions for leave to file are GRANTED. The court now proceeds to the more difficult questions of whether its earlier orders should be reconsidered, whether a class should be certified, and whether an additional intervenor should be permitted to participate as a named plaintiff in this case.

## I. RECONSIDERATION OF THE AUGUST 24, 1988 ORDER

■ The Secretary made two arguments in support of his previous motion to dismiss the complaint. First, he asserted that those potential class members who had never sought reconsideration or other administrative review of their assertion that their SSI benefits had been improperly calculated had not "presented" a claim to the Secretary, and that such a presentment is a jurisdictional prerequisite to suit under 42 U.S.C. § 405(g). Secondly, he argued that any potential class member who had presented such a claim, but who had not yet received a final decision from the Secretary because the administrative review process had not been completed, had not exhausted administrative remedies, which is also a jurisdictional prerequisite to suit. The court concluded, following the decisions of the United States Supreme Court in *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), and *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), that exhaustion of administrative remedies is not required in a case such as this where exhaustion would be futile and would not serve any of the purposes underlying the exhaustion requirement. The court also concluded that each potential class member had adequately presented his or her claim to the Secretary because the Secretary had the opportunity to calculate benefits properly when making an SSI award, and that such a situation was distinguishable from a case where the claimant never provided the Secretary with any opportunity to take appropriate action with respect to the claim at issue.

In asking for reconsideration of that issue, ostensibly in connection with his opposition to certification of a class, the Secretary asserts that the subsequent decision of the United States Supreme Court in *Pittston Coal Group v. Sebben*, 488 U.S. 105, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988) indicates that the court erroneously concluded that presentment had occurred in this case, and that exhaustion of administrative remedies was not required.

*Sebben* was a case involving the Black Lung Act, rather than a claim for social security disability benefits. However, it did present issues similar to those raised in social security cases. Nevertheless, the issue decided by the Supreme Court in *Sebben* was not whether an appropriate claim had been presented to the Secretary of Labor by the absent class members, nor whether such members had fully exhausted their administrative remedies. Rather, the only issue addressed by the Supreme Court, in reversing the decision to certify a class of claimants who had not sought review individually in the Court of Appeals, was whether the failure to do so within 60 days after having received a final decision from the Secretary prevented the court from awarding them relief because their

claims were time-barred. The requirement of presentment of a claim to the Secretary, exhaustion of administrative remedies, and timely commencement of a civil action following a final decision of the Secretary, are three distinct issues. The first is a non-waivable jurisdictional prerequisite. The second, although quasi-jurisdictional, can be waived both by the Secretary and, in special cases, by the court. The third is a statute of limitations, and is subject to, among other limitations-related concepts, equitable tolling. *Bowen v. City of New York, supra.* Consequently, *Sebben* simply does not address the issues decided in the August 24, 1988 opinion and order.

The court notes further that its analysis of the waivability of the exhaustion requirement, and those factors which led the court to conclude that waiver of exhaustion was appropriate, is consistent with the subsequent decision of the United States Court of Appeals for the Sixth Circuit in *Ahghazali v. Secretary of Health and Human Services,* 867 F.2d 921 (6th Cir.1989). The Court of Appeals noted, at pages 925–26, that the common feature of three Supreme Court decisions where waiver had been permitted was that "the only issue requiring judicial determination was one of constitutionality, a matter beyond the Secretary's power to decide. In those cases exhaustion of administrative remedies following denial of the claims would have added nothing to the record for judicial review." Here, the constitutional issue raised, and most probably, the issue of compliance with the Administrative Procedure Act, were issues beyond the Secretary's power to decide in the context of a claim for an increase in SSI benefits. Further, and perhaps more importantly, further administrative review of any of the claims in this case would have added nothing to the record, because each recipient would have been denied an increase on the same grounds, and factual variations among the situations of different claimants would not alter that result. Consequently, the court declines to reconsider its earlier decision that the potential class members have adequately presented their claims, and that exhaustion of administra-tive remedies should be waived by the court.

## II. STATUTE OF LIMITATIONS

42 U.S.C. § 405(g) contains a requirement that judicial review of a final decision of the Secretary be sought within 60 days after that decision is rendered. The Secretary suggests, in opposition to the plaintiffs' motion to certify a class, that the class proposed by plaintiffs should not be certified because it would include SSI recipients who did not seek timely judicial review of their claim to additional benefits. Again, the Secretary relies heavily upon *Pittston Coal Group v. Sebben, supra,* which did hold, in the context of certain black lung claims, that those claimants who had not argued to the Secretary that their claim for benefits had been adjudicated under an incorrect standard, and who did not seek judicial review of the denial of their claims within 60 days after such denial became final, should not have been included in the class of persons entitled to relief. The Secretary asserts that the SSI claimants in this case are indistinguishable from those black lung claimants who, in *Sebben,* were denied the entitlement to participate in class-wide relief.

Both parties correctly recognize that the 60–day time limit in § 405(g) is not jurisdictional but rather is a statute of limitations and can be waived, or, in a proper case, is the subject of equitable tolling. The leading case in this area is undoubtedly *Bowen v. City of New York, supra,* which held that, under the facts of that case, which involved adjudication of claims pursuant to a secret and unpublished internal policy, both exhaustion of administrative remedies and the requirement of filing within 60 days of the date of a final decision should be waived. Plaintiffs assert that *Bowen* mandates relaxation of the statute of limitations in this case; the Secretary contends that *Sebben* requires the opposite result. In order for this issue to be resolved, it is necessary to attempt to reconcile the decisions in *City of New York* and *Sebben,* as well as to examine other cases dealing with the question of when the

statute of limitations can be equitably tolled.

Initially, the court notes its agreement with plaintiffs analytical approach on the statute of limitations issue. *Sebben* clearly did not overrule *Bowen v. City of New York.* Rather, the Supreme Court continues to recognize that the 60–day time limit can be equitably tolled, and the two decisions at issue simply represent cases at the opposite ends of the spectrum as far as whether equitable tolling is appropriate. In *City of New York*, the secrecy of the policy at issue prevented most, if not all, of the potential plaintiffs from seeking timely review of adverse decisions. In contrast, in *Sebben* each claimant had been denied benefits as a result of a published and widely-known set of criteria. Although those criteria ultimately were determined to be more restrictive than the criteria the Secretary was permitted to adopt under the statute, the use of the criteria and the existence of the argument that they were, in fact, more restrictive than permissible was known or was knowable to every unsuccessful claimant. Consequently, in the former case, equities favored a relaxation of the time limit; in the latter, they did not. Thus, the question to be determined is where, on the spectrum between *City of New York* and *Sebben*, the instant case falls.

First, this case is like *City of New York* in the sense that the Secretary's calculation of benefits, including the use of AFDC benefits, was not made pursuant to an established regulation. Although the governing statute does contemplate calculation through consideration of income currently being received by the newly-qualified SSI recipient, it also contains the "reliable information" exception, as well as a directive that the Secretary promulgate regulations to implement that exception. It is unquestioned that the Secretary did not have such a regulation, so that a claimant who was concerned about the matter in which benefits were calculated might well be unaware of the specific factors taken into account by the Secretary, or why the amount of benefits was less in the first two months than in the third month and thereafter.

Plaintiffs also assert that most successful SSI recipients are persons of low income and little education, and since they successfully obtained SSI benefits, they did not typically have counsel who could either review the computation of benefits or raise the sophisticated legal arguments asserted in this case. The same might be said, however, of the unsuccessful claimants in *Sebben.* *See also Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir.1988), indicating that mere lack of knowledge of legal rights is usually not enough to excuse compliance with the 60–day time limit. Consequently, although plaintiffs' second argument is not particularly persuasive, the court does agree that the lack of regulations in this case can be easily construed as the type of "systematic, unpublished policy," *see Hyatt v. Heckler*, 807 F.2d 376 (4th Cir. 1986), *cert. denied* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987), which has led other courts to excuse compliance with the 60–day time limit. *See also Hill v. Sullivan*, 125 F.R.D. 86 (S.D.N.Y.1989) (attached as an exhibit to plaintiffs' supplemental memorandum), which held, based on *City of New York*, that reliance on a policy that, because of its nature, has the practical effect of preventing claimants from knowing about its operation is the equivalent of adjudicating claims under a policy intentionally kept secret, and therefore justifies tolling of the statute of limitations.

Further, *Bowen v. City of New York* also indicated that the court may inquire whether enforcement of the statute of limitations under the particular circumstances of each case would serve the policy underlying statutes of limitation in general. In that case, the court noted that the statute serves the purpose of moving the large volume of social security cases filed each year to a speedy resolution, and also aids in eliminating problems created by the loss of evidence, faded memories, and witnesses who disappear over time. In this case, there would be no problem with lost evidence, faded memories, or disappearing witnesses because, if relief were granted, a simple monetary adjustment to the SSI

benefits being received by each of the potential class members would be made. The Secretary has not argued that the passage of time between even the earliest of such cases, presumably from 1982, to the present would make that calculation any more difficult.

The court notes one other distinction, which does not appear to have been recognized in any published decision, but which also bears on the question of whether the 60–day time limit should be excused. In this case, unlike both *City of New York* and *Sebben*, the class members are recipients of a favorable award. Further, unlike recipients who receive a partially favorable award (for example, who are granted a period of disability or entitlement to SSI benefits, but not back to the date on which they claimed their disability began) these recipients are presumably notified that their claim has been entirely resolved in their favor. They are not invited to seek reconsideration because, in fact, there is no unfavorable portion of the decision which can be reconsidered. Presumably, they are also not notified that, pursuant to the absence of regulations, the Secretary has reduced their first two months' benefits based upon their prior receipt of AFDC. Under all those circumstances, and given the fact that the social security legislation at issue is to be read with due regard for the rights of the claimants, the court concludes that equitable tolling principles would excuse a recipient of SSI benefits from contesting the calculation based upon the *specific* theories advanced in this case, and that the 60–day time limit should not be enforced.

## III. CLASS CERTIFICATION

 Plaintiffs, through their motion of September 26, 1988, seek certification of a class composed of all Ohio residents who were determined to be eligible for SSI benefits and who received AFDC benefits for two months prior to the commencement of their SSI benefits, and, as a result, received reduced SSI benefits for the first two months during which they were entitled to such benefits. They seek certification of a class under Fed.R.Civ.P. 23(b)(2), which permits an action to be maintained as a class action if the prerequisites to a class action pursuant to Rule 23(a) are satisfied and, in addition, "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the classes as a whole...." The court concludes that the parties have submitted adequate evidentiary materials and arguments with respect to each of the four factors set forth in Rule 23(a) and that an evidentiary hearing with respect to the issue of class certification is unnecessary. Consequently, the court will proceed to decide the issue of whether a class should be certified in this case.

The Sixth Circuit requires a district court to carefully consider whether the requirements of Rule 23 are satisfied prior to certifying a class. *Shipp v. Memphis Area Office, Tenn. Department of Employment*, 581 F.2d 1167 (6th Cir.1978); *Alexander v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers, AFL–CIO*, 565 F.2d 1364 (6th Cir. 1977); *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.1976).

The Court has broad discretion in determining whether an action is maintainable as a class action. *Kentucky Educators Public Affairs Council v. Kentucky Registry of Election Finance*, 677 F.2d 1125, 1135 (6th Cir.1982), *citing Ott v. Speedwriting Publishing Company*, 518 F.2d 1143 (6th Cir.1975), although that discretion must be exercised within the framework of Rule 23. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S.Ct. 2193, 2200, 68 L.Ed.2d 693 (1981); *Califano v. Yamasaki*, 442 U.S. 682, 703, 99 S.Ct. 2545, 2558, 61 L.Ed.2d 176 (1979). The party seeking certification as a class has the burden of establishing the prerequisites. *Senter*, 532 F.2d at 522; *Akron Center for Reproductive Health v. Rosen*, 110 F.R.D. 576, 580 (N.D.Ohio 1986); *Basile v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 105 F.R.D. 506, 507 (S.D.Ohio 1985). To meet this burden, plaintiffs must show that all four of the prerequisites of Rule 23(a) are

satisfied, and then must demonstrate that the class falls within one of the subcategories of Rule 23(b). *Senter,* 532 F.2d at 522; *Basile,* 105 F.R.D. at 507.

Fed.R.Civ.P. 23(a) requires plaintiffs to show first that "the class is so numerous that joinder of all members is impracticable...." Fed.R.Civ.P. 23(a)(1). There is no bright line numerical test by which the district court can determine when the numerosity requirement is satisfied, and the Sixth Circuit has noted that a class does not require any specific number of members: "Impracticability of joinder is not determined according to a strict numerical test but upon the circumstances surrounding the case." *Senter,* 532 F.2d at 523 n. 24; *see also Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 131 (1st Cir.1985), *cert. denied* 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 983 (1986). The key to determining whether the numerosity requirement of Rule 23(a)(1) is satisfied rests on the impracticability of joining potential class members. Satisfaction of the numerosity requirement does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required. *See Arkansas Educ. Ass'n v. Board of Educ. of Portland,* 446 F.2d 763 (8th Cir.1971); *Samuel v. University of Pittsburgh,* 56 F.R.D. 435 (W.D.Pa.1972). "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *General Telephone Co. v. EEOC,* 446 U.S. 318, 330, 100 S.Ct. 1698, 1706, 64 L.Ed.2d 319 (1980).

In this case, plaintiffs have submitted an affidavit which uses social security records to attempt to calculate the number of persons who had been receiving AFDC and then received SSI. According to that affidavit, from the period of time from October of 1984 through March, 1988, a minimum of 2,160 persons had AFDC payments reduced due to subsequent receipt of SSI, and 80 more cases involved complete termination of AFDC payments as a result of SSI. Obviously, the large number of potential class members, together with their presumed geographic dispersion over the State of Ohio, is sufficient to permit the court to conclude that joinder of each individual plaintiff would be impracticable. Consequently, the numerosity requirement is satisfied.

Rule 23(a)(2) requires that there be questions of law or fact common to each member of the class. If the proposed class is certified, the common legal question of whether the Secretary acted properly in reducing SSI benefits, taking into account AFDC benefits, will be presented. This common question is sufficient to satisfy the commonality requirement of Rule 23(a)(2).

Rule 23(a)(3) requires the claims of the class representative to be "typical of the claims ... of the class." Fed.R.Civ.P. 23(a)(3). The typicality requirement focuses on the type of injury suffered by the class members and the interests of the various class members. *See Senter,* 532 F.2d at 525. The commonality and typicality requirements are closely related in that they each serve to assist in the determination whether the claim of the named plaintiff and those of the class are so interrelated that the interests of the absent class members will be protected. *General Telephone Co. v. Falcon,* 457 U.S. 147, 157 n. 3, 102 S.Ct. 2364, 2367 n. 3, 72 L.Ed.2d 740 (1982).

The discussion concerning commonality is equally applicable to the discussion of typicality. In this case, each class member has suffered the same type of injury. Although the claims of plaintiff Gould, and intervening plaintiffs Conkey and Spencer, differ from other class members in that each of the named plaintiffs commenced the administrative process, the court's determination that the failure to do so does not affect the class members' right of recovery makes this distinction irrelevant. Consequently, the court concludes that the typicality requirement has also been satisfied.

Finally, plaintiffs must show that they "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). Criteria for assessing the adequacy of representation include whether the plaintiff has common interests with the class mem-

bers and whether the representative will vigorously prosecute the interests of the class through qualified counsel. *Senter,* 532 F.2d at 524–25. A factor in determining the vigor of representation concerns the representatives' resources to investigate class claims and to contact other class members. *See Bowen v. General Motors Corp. A.C. Spark Plug Div.,* 542 F.Supp. 94, 100–02 (N.D.Ohio 1981); *Ingram v. Joe Conrad Chevrolet, Inc.,* 90 F.R.D. 129, 132 (E.D.Ky.1981).

Here, given the nature of the claims presented, it is apparent that the most important inquiry is the vigor of representation and the competence of counsel. Counsel for the plaintiffs is Southeastern Ohio Legal Services, which is specifically charged with protecting the rights of claimants under these circumstances. Counsel has shown extreme diligence in prosecuting this action, as well as competence to deal with the types of issues presented. There is no evidence to indicate that any of the three named plaintiffs has any interest inimical to the interests of the class, or that any of the three would not be adequate class representatives under the circumstances of this case. Consequently, Rule 23(a)(4) has also been satisfied.

In addition to meeting the requirements of Rule 23(a), a proposed class must also satisfy at least one of the criteria set forth in Rule 23(b). In the present case, plaintiffs move for class certification pursuant to Rule 23(b)(2). This section provides that certification of a class is appropriate when class representatives are seeking "final injunctive relief or corresponding declaratory relief ..." Fed.R.Civ.P. 23(b)(2). This rule seeks to correct situations where the defendant's conduct or refusal to act is affecting all class members and the conduct is susceptible to correction through the court's equitable powers. Certification under Rule 23(b)(2) is therefore appropriate when a party opposing the class has acted in a consistent manner towards the purported class members so that the defendant's actions are part of a pattern or practice of activity, *Ellender v. Schweiker,* 550 F.Supp. 1348 (S.D.N.Y.1982); *Crippen v. Dempsey,* 549 F.Supp. 643 (W.D.Mich.

1982); *Bermudez v. United States Department of Agriculture,* 490 F.2d 718 (D.C. Cir.1972), *cert. denied,* 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973), or when a defendant has established a regulatory scheme common to all class members. *White v. Beal,* 413 F.Supp. 1141 (E.D.Pa. 1976), *aff'd on other grounds,* 555 F.2d 1146 (3d Cir.1977); *see* Wright & Miller, 7A *Federal Practice and Procedure* § 1775 (1972). Rule 23(b)(2) is applicable when the court's equitable power is the primary form of relief sought, not when the appropriate final relief relates exclusively or predominantly to money damages. Fed.R.Civ.P. 23(b)(2) advisory committee notes to 1966 amendments; *see Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304, 1314 (9th Cir.1977).

In this case, there is no claim for monetary damages. Rather, each plaintiff seeks to have the Secretary promulgate regulations to implement the "reliable information" exception, and then to have his or her claim for SSI benefits recalculated under whatever regulations are promulgated. There can be no question that the Secretary's actions, as alleged in the complaint, constituted a pattern of activity which affected all potential class members in the same way. Consequently, certification under Rule 23(b)(2) is appropriate.

The court notes, in passing, that the Secretary has not presented any arguments with respect to any of the specific requirements of Rule 23, but rather has argued that the class cannot be comprised of those persons who have not exhausted the administrative remedies and thereafter sought timely judicial review. Consequently, although the Secretary has taken the position that he does not concede that a class action is appropriate, neither has he taken the opportunity to contest, either legally or factually, those assertions advanced by plaintiffs in support of their motion for class certification. As this opinion and order indicates, however, the court's independent review of the same factors leads to the conclusions that class treatment is entirely appropriate in this case.

## IV. INTERVENTION

The final matter to be determined is whether proposed plaintiff Theodora Lowe should be permitted to file a complaint in intervention. Ms. Lowe, like the three named plaintiffs, was the subject of a policy at issue in this case. However, she sought and obtained administrative review of the manner in which her benefits were calculated, received a final decision from the Appeals Council, and moved for leave to intervene within 60 days thereafter. Consequently, she differs from the named plaintiffs in that she has fully exhausted her administrative remedies and has timely sought judicial review.

It is clear that, like the previous two intervenors, common questions of law or fact exist with respect to Ms. Lowe's claim and the claims of the other plaintiffs, and that the court may, in its discretion grant permissive intervention under Rule 24(b). That rule also directs the court to consider whether the intervention will "unduly delay or prejudice the adjudication of the rights of the original parties." The Secretary has not suggested that such delay or prejudice will occur here, nor has it advanced any other persuasive reason why the petition for intervention ought not to be granted.

The Secretary's primary arguments against intervention are, first, that if a class is certified, plaintiff Lowe's presence in the case is unnecessary. Although the court has determined to certify a class, the court believes that it would be helpful, especially in light of the potential for an appeal as to the issue of whether the exhaustion requirement and statute of limitations should be waived, to have a class representative whose claim does not suffer from those defects. Consequently, there is some benefit to be gained through Ms. Lowe's intervention. Secondly, the Secretary argues that Ms. Lowe, as a resident of the Northern District of Ohio, should not be permitted to join in this action. That assertion is rendered largely moot by the certification of a state-wide class. Since Ms. Lowe is, by virtue of certification of the class, a class member, her participation as a named plaintiff would not violate any venue provisions of importance to the determination of this case. Consequently, her motion for intervention will be granted.

## V. CONCLUSION

For the foregoing reasons, the court CERTIFIES a class certified consisting of all Ohio residents who, between 1982 and 1988, received less than the full amount of SSI benefits to which they otherwise might have been entitled as a result of the Secretary's decision to include AFDC benefits as part of income to be taken into account in determining the amount of initial SSI payments. The court further GRANTS Theodora Lowe's motion to intervene as a plaintiff in this case, and her intervenor's complaint is deemed filed as of the date of this order. The Secretary shall file a response to that complaint within 60 days. The Secretary's request for reconsideration of this court's opinion and order of August 24, 1988 is DENIED.