983 F.2d 405
 39 Soc.Sec.Rep.Ser. 690
 Lucy FARLEY, David Devoid, on behalf of themselves and all
others similarly situated, Plaintiffs-Appellees,
v.
Louis W. SULLIVAN, M.D., Secretary of the Dept. of Health &
Human Services, Defendant-Appellant.
 No. 380, Docket 92-6120.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 26, 1992.
Decided Jan. 6, 1993.
 
 Bruce G. Forrest, Dept. of Justice, Washington, DC (Stuart M. Gerson, Asst. Atty. Gen., Dept. of Justice, Washington, DC, Charles A. Caruso, U.S. Atty., Christopher B. Baril, Asst. U.S. Atty., D. Vt., Montpelier, VT, William Kanter, Dept. of Justice, Donald A. Gonya, Chief Counsel, Randolph W. Gaines, Deputy Chief Counsel, John M. Sacchetti, Chief, Litigation Branch, Retirement, Survivors and Supplemental Assistance, Mark S. Ledford, Office of the Gen. Counsel, Dept. of Health and Human Services, Social Security Div., Washington, DC, of counsel), for defendant-appellant.
 John J. McCullough, III, Vermont Legal Aid, Inc., Montpelier, VT, for plaintiffs-appellees.
 Before: MESKILL, Chief Judge, WINTER, Circuit Judge, and RESTANI, Judge*.
 RESTANI, Judge:
 
 
 1
 Plaintiffs-appellees, Lucy Farley and David Devoid, represent a class of recipients under the federal government's Supplemental Security Income Program (SSI). Pursuant to agency regulations, the Secretary of the Department of Health and Human Services ("the Secretary") calculated plaintiffs' SSI benefits for the first three months of eligibility based on income they received in the first month of eligibility only. The district court found the regulations to be unfair and inconsistent with the Social Security Act and granted summary judgment in favor of plaintiffs. We reverse.
 
 
 2
 Named plaintiff Farley became eligible as a new recipient of SSI in May 1986, her first month of unemployment due to a disability. Her former employer paid her $401.80 in May and the Secretary took these wages into account in determining the level of Farley's benefits. The May payment was "non-recurring," i.e., it did not continue throughout the following months. Nevertheless, pursuant to agency regulations, the Secretary relied on the May payment to decrease Farley's benefits for the months of May, June and July.
 
 
 3
 Named plaintiff Devoid lost his eligibility for SSI when he was imprisoned in May of 1987. He was reinstated as a program recipient in July of 1987, following his release on July 15. The value of his room and board for the first half of July, $133.33, was taken into account in determining his first three months of benefits. The value of his room and board, like Farley's last month of wages, was non-recurring.
 
 
 4
 Farley and Devoid appealed the Secretary's benefit calculations to the highest levels of the Social Security Administration, without success. Farley then filed a class action complaint on June 10, 1988 and Devoid intervened several months later on January 18, 1989. The two plaintiffs appeared before the district court on behalf of themselves and all citizens of Vermont who received SSI benefits decreased by non-recurring income.
 
 
 5
 Responding to plaintiffs' motion for summary judgment, the court held for plaintiffs on the ground that the statute required the Secretary to consider non-recurring income as another relevant circumstance in determining benefits. Farley v. Sullivan, 793 F.Supp. 1267, 1272 (D.Vt.1992) ("Opinion & Order"). The Secretary appeals.
 
 STANDARD OF REVIEW
 
 6
 As indicated, summary judgment was granted pursuant to Fed.R.Civ.P. 56(c). Because there are no disputed issues of material fact, the plaintiffs-appellees must show that they are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 7
 In assessing action by an administrative agency, the court must temper its standard of review according to the degree of discretion Congress has given to the agency concerned. The Social Security Act expressly delegates rule-making authority to the Department of Health and Human Services. Sullivan v. Zebley, 493 U.S. 521, 528, 110 S.Ct. 885, 890, 107 L.Ed.2d 967 (1990). The agency's regulations made pursuant to that authority will be upheld "unless they are arbitrary, capricious, or manifestly contrary to the statute." Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984).
 
 DISCUSSION
 
 8
 The primary issue in this action is whether the plain language of the statute requires the Secretary to consider the non-recurring nature of income in calculating the first few months of benefits. A discussion of the retrospective monthly accounting system utilized by the Social Security Administration is necessary to an understanding of this issue.
 
 A. Retrospective Monthly Accounting
 
 9
 Congress created the SSI program in 1972 in order to provide government aid to the aged, blind and disabled. The program began actual operations on January 1, 1974. 42 U.S.C. § 1381 (1988). Initially, benefits were determined according to projections of future income for the calendar year. Social Security Amendments of 1972, Pub.L. No. 92-603, sec. 301, § 1611, 86 Stat. 1329, 1466. Because the use of projected income resulted in substantial inaccuracies,[1] ] Congress revised the method of calculation in the Omnibus Budget Reconciliation Act of 1981 ("OBRA"), Pub.L. No. 97-35, 95 Stat. 357.
 
 
 10
 The current Social Security Act, as amended by OBRA, establishes a system of retrospective monthly accounting for the calculation of SSI benefits. Under this system, the Secretary computes benefits for the current month according to income earned in past months, rather than projections of future income. OBRA § 2341, 95 Stat. at 865 (current version at 42 U.S.C. § 1382(c) (1988)). The general rule for the computation of SSI benefits directs the Secretary to make payments based on the income received either one or two months before the payments begin. 42 U.S.C. § 1382(c)(1).[2] For example, benefit payments for July would be computed according to the individual's income in either May or June.
 
 
 11
 A special rule applies to individuals who have become eligible for the first time or who have been reinstated after a break in eligibility. In such cases the statute provides,
 
 
 12
 [t]he amount of such benefit for the month in which an application for benefits becomes effective (or, if the Secretary so determines, for such month and the following month) ... shall--
 
 
 13
 (A) be determined on the basis of the income of such individual ... and other relevant circumstances in such month.
 
 
 14
 42 U.S.C. § 1382(c)(2).[3] By illustration, if an individual entered the program in May, payments for May, and possibly for June, would be based on May income.
 
 
 15
 The Secretary codified these statutory rules in 20 C.F.R. § 416.420 (1992). The proposed regulation was published in the Federal Register on October 29, 1981, 46 Fed.Reg. 53,449, 53,452 (1981), and the final regulation, in substantially the same form, appeared on November 26, 1985, 50 Fed.Reg. 48,563, 48,571 (1985). The regulation states that benefits for an individual's first and second months in the program will be calculated according to his income in the first month. Benefits for the third month will also be based on income in the first month, under the two-month retrospective accounting system explicitly authorized by the statute. 20 C.F.R. § 416.420(b).[4]
 
 
 16
 B. Comparison of the Statute and the Regulations
 
 
 17
 Plaintiffs argue that the Secretary's regulations violate the statute in two ways. First, they contend that the regulations ignore the "other relevant circumstances" which the statute requires the Secretary to consider in calculating benefits. Second, they state that the Secretary's failure to limit consideration of non-recurring income only to the month in which it is received is contrary to the statute's purpose to provide relief based on an accurate determination of need.
 
 
 18
 1. The Meaning of "Other Relevant Circumstances"
 
 
 19
 The Social Security Act, in paragraph (2) of the pertinent section, states that benefits "shall ... be determined on the basis of the income of the individual ... and other relevant circumstances." 42 U.S.C. § 1382(c)(2)(A). Paragraph (2) sheds no further light on the meaning of "other relevant circumstances." Paragraphs (4) and (5), however, do provide some illumination.
 
 
 20
 Paragraph (4) permits, but does not require, the Secretary to adjust benefits for the current month based on reliable information "with respect to scheduled cost-of-living adjustments under other benefit programs." 42 U.S.C. § 1382(c)(4)(A).[5] The mandatory language of paragraph (5) dictates that, "[n]otwithstanding paragraphs (1) and (2)," the Secretary must consider any income paid pursuant to Aid to Families with Dependent Children (AFDC), foster care, refugee assistance, or Bureau of Indian Affairs programs "in determining the amount of the benefit ... only for that month, and ... not ... for any other month." 42 U.S.C. § 1382(c)(5).
 
 
 21
 Both paragraphs of the statute carve out exceptions to the general scheme of retrospective monthly accounting. These exceptions lessen the likelihood for miscounting income from other federal benefit programs. One exception allows the Secretary to take changes in income into account, and the other ensures that specific types of federal aid will not be counted in a month in which they are not received. The second exception clearly covers non-recurring income from certain sources. Thus, it appears from the language of the statute that Congress considered the nonrecurring nature of income as a relevant circumstance in calculating benefits. The decision to adjust benefits on that basis is left entirely to the Secretary's discretion, except for the programs specifically named in paragraph (5). 42 U.S.C. § 1382(c)(4), (5).
 
 
 22
 Plaintiffs' basic contention is that they are entitled to be treated in the same manner as the recipients specially mentioned in paragraph (5). They would require the Secretary to count Farley's last month of wages and Devoid's last few weeks of room and board in the first month of their eligibility and not in any following month. Congress, however, did not choose to include recipients such as plaintiffs in paragraph (5) of the statute. Thus, Congress acknowledged the problem of double-counting and non-recurring income, but decided to resolve it only in certain cases not applicable to these plaintiffs. Moreover, while paragraph (4) grants the Secretary the authority to adopt a system which would resolve plaintiffs' problem, such a system was not mandated. Therefore, the Secretary's decision to compute three months of plaintiffs' benefits based upon the income received in the first month does not conflict with the statutory language.
 
 2. Statutory Purpose
 
 23
 Not only does the Secretary's interpretation comply with the text of the statute, contrary to plaintiffs' arguments, it implements the statutory purpose as well. The Social Security Act does not clearly state the purpose of the retrospective monthly accounting procedure. The applicable legislative history, however, does provide some evidence of Congressional intent.
 
 
 24
 The legislative history reflects that Congress designed the retrospective monthly accounting system in order for "the number of [SSI] overpayments (and underpayments) to be reduced." S.Rep. No. 139 at 542, 1981 U.S.C.C.A.N. 396 at 808. Congress was primarily concerned with overpayments ($185 million in one six-month period) and a simplified administration which would save costs ($30-$60 million per year). Id. at 524, 1981 U.S.C.C.A.N. at 790-91.
 
 
 25
 Plaintiffs argue that "[t]he overriding goal of retrospective monthly accounting is to enable the Secretary to make more accurate benefit computations." While true, this statement sidesteps the fact that Congress was concerned chiefly with adopting an accounting process that was simple and would reduce the number of overpayments. The simplified accounting process was designed to save both time and money. The Secretary's decision to use information for one month to calculate benefits for a three-month transitional period satisfies both those goals.
 
 
 26
 In sum, plaintiffs' arguments that the regulations violate the statute must fail. The text of the statute does not require the Secretary to consider non-recurring income in determining SSI benefits. Congress has addressed the problem of non-recurring benefits in the statute and has chosen not to include the types of benefits that plaintiffs received. The regulations are thus neither arbitrary nor capricious and do not contradict the purpose of the statute.
 
 CONCLUSION
 
 27
 We reverse summary judgment in favor of the plaintiffs on the grounds that the Secretary's regulations are not arbitrary, capricious, or manifestly contrary to the statute. Because we decide this case on the merits, we do not reach the procedural issues of class certification, waiver of administrative remedies or equitable tolling of the statute of limitations.
 
 
 
 *
 Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation
 
 
 [1]
 See S.Rep. No. 139, 97th Cong., 1st Sess. 542 (1981), reprinted in 1981 U.S.C.C.A.N. 396, 808
 
 
 [2]
 Although minor changes in the wording of this paragraph have occurred since the 1981 Amendments, the general rule remains the same. The current version of the statute reads as follows:
 [a]n individual's eligibility for a benefit under this subchapter for a month shall be determined on the basis of the individual's ... income, resources, and other relevant characteristics in such month, and, except as provided in paragraphs (2), (3), (4), and (5), the amount of such benefit shall be determined for such month on the basis of income and other characteristics in the first or, if the Secretary so determines, second month preceding such month.
 42 U.S.C. § 1382(c)(1).
 
 
 [3]
 The exact text of this provision, like the paragraph discussed above, contains slight deviations from the 1981 Amendments, but there is no noticeable difference in meaning. Cf. OBRA § 2341
 
 
 [4]
 The regulation states:
 (a) General Rule. We use the amount of your countable income in the second month prior to the current month to determine how much your benefit amount will be for the current month....
 (b) Exceptions to the general rule--
 (1) First month of eligibility or eligibility after a month of ineligibility. We use your countable income in the current month to determine your benefit amount for the first month you are eligible for SSI benefits or for the first month you become eligible for SSI benefits after at least a month of ineligibility....
 (2) Second month of initial eligibility or eligibility after a month of ineligibility. We use your countable income in the first month prior to the current month....
 (3) Third month of initial eligibility or eligibility after a month of ineligibility. We use your countable income according to the rule set out in paragraph (a)....
 
 
 [20]
 C.F.R. § 416.420
 
 
 [5]
 The entire text of the provision, known as the "reliable information exception," states:
 if the Secretary determines that reliable information is currently available with respect to the income and other circumstances of an individual for a month (including information ... with respect to scheduled cost-of-living adjustments under other benefit programs), the benefit amount of such individual under this subchapter for such month may be determined on the basis of such information.
 42 U.S.C. § 1382(c)(4) (emphasis added).