**Rhonda GOULD, et al., Plaintiffs,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. C-2-87-964.

United States District Court, S.D. Ohio, E.D.

Feb. 5, 1993.

Thomas William Weeks, Ohio State Legal Services Assoc., Columbus, OH, Anne Sessums Rubin, Southeastern Ohio Legal Service, Athens, OH, for plaintiff.

Susan Morgenstern, Cleveland Legal Aid Soc., Cleveland, OH, for intervenors-plaintiffs.

Joseph E Kane, U.S. Atty's Office, Columbus, OH, for defendant.

*ORDER*

GEORGE C. SMITH, District Judge.

This case is a class action in which the Court, in an Opinion and Order filed on October 2, 1992, granted injunctive relief in favor of the class and directed the Secretary to promulgate a regulation as required by former 42 U.S.C. § 1382(c)(4)(B). On November 30, 1992, the Secretary appealed that decision to the United States Court of Appeals for the Sixth Circuit. Fifteen days later, the Secretary moved for a stay of judgment or, in the alternative, an extension of time to comply with the Court's order. Under the order, the regulation was required to be promulgated within 90 days of October 2, 1992. Both the Court of Appeals and this Court have stayed compliance with the order temporarily in order to allow the parties fully to brief the issue of whether a stay pending appeal should be granted. The last brief was filed on January 22, 1993. For the following reasons, the Court denies the Secretary's motion for a stay.

I.

The standards relating to the issuance of a stay pending appeal are familiar. Both parties agree that the Court must balance four factors: whether the party seeking the stay has made a strong showing that the appeal was likely to succeed; whether the party seeking a stay will be irreparably injured if a stay is not issued; whether, if a stay is issued, the other parties to the case will be substantially injured; and whether the public interest favors or disfavors a stay. The Court will discuss each of these factors in turn.

A. *Likelihood of Success.*

The Secretary advances two types of arguments in support of his position that he is likely to succeed on appeal. The first is essentially a rehash of arguments previously made to, and rejected by, this Court. The Court has again reviewed the two major decisions which were issued in this case: the decision to certify a class and to decline to

dismiss the case on jurisdictional grounds, which decision is published at 131 F.R.D. 108; and the Court's more recent decision to grant relief to the class. The Court remains convinced that those decisions were correct, and that the arguments previously advanced by the Secretary do not have a strong likelihood of succeeding on appeal.

In addition, the Secretary presses some new arguments which, at least in their present form, were not made to the Court before. One involves the potential impact of a recent Second Circuit decision, which was not filed until January 6, 1993. The Court will deal briefly with each of these arguments.

With respect to the procedural and jurisdictional issues, the Secretary suggests in his brief that the Seventh Circuit's decision in *Gay v. Sullivan*, 966 F.2d 1124 (1992) reversed a similar district court decision which had certified a class similar to the class certified in this case, and which had granted relief to the class on grounds that the 1988 amendment to 42 U.S.C. § 1382 was retroactive. It is a bit of a stretch to characterize that decision, as the Secretary does, as having "reversed class certification" because, in fact, the Court of Appeals vacated the entire district court order solely on the grounds that the court had improperly determined that the amendment should be given retroactive effect. In a footnote, the Court of Appeals expressly invited the district court to look again at its decision involving class certification, but it clearly made no decision on the issue of whether such certification was appropriate. This Court prefers to believe that the reasoned analytical approach in its decision on this issue, which discussed all of the applicable precedents, none of which have changed significantly, is better authority than an inconclusive footnote dropped in a decision from a Court of Appeals in a different circuit.

With respect to the merits of the case, the Secretary argues, first, that a strong argument can be made that, because Congress did not choose to make the 1988 amendments to the statute retroactive, Congress implicitly approved the Secretary's decision (or nondecision) not to implement a "reliable information exception" regulation. It is always somewhat difficult to divide from a later Congressional enactment what the intent of a former, differently-composed group of Representatives and Senators had in mind. This Court's Opinion of October 2, 1992 opted for a more traditional approach: construing the plain language of the statute which was passed in 1982. Congress' decision, six years later, to codify a reliable information exception for AFDC recipients is just as plausibly interpreted as a reaction to the Secretary's failure to take any action whatsoever in response to the relatively clear Congressional mandate that the Secretary promulgate such an exception by regulation. Many factors, including current budgetary concerns, could have led Congress to choose not to make the statutory amendment retroactive, but would say nothing about whether Congress intended, six years earlier, for the Secretary to take some action in the matter. The Court does not believe that the addition of this argument strengthens the likelihood that the Secretary will prevail on appeal.

■ The Secretary also argues that this Court should not have directed the promulgation of a regulation which will have retroactive effect, asserting that Congress, in the original statutory enactment, did not authorize the issuance of a retroactive regulation. That much is true. The 1982 version of the statute clearly contemplated that the Secretary would, subsequent to the passing of the statute, promulgate a regulation to deal with this situation. Had that been done promptly in accordance with the statutory mandate, the regulation, whatever it said, would have been in effect and would have governed claims of persons whose SSI benefits were reduced prior to 1988, but after the date of the regulation. Thus, Congress may well have anticipated a relatively brief window of time when no regulation was in effect, although it is unclear whether Congress also anticipated that the Secretary would make any such regulation retroactive to the date of the statute, which would seem to be a fairly typical administrative reaction to such a mandate. Nevertheless, this Court is convinced that Congress did not anticipate that no regulation would be enacted for six years. Thus, the only way to effectuate Congress'

intent, as expressed in the 1982 version of the statute, is to direct the Secretary to promulgate a rule which has some retroactive effect. There may well be a difference of opinion as to what the 1982 version of the statute requires, but there should be no legitimate difference of opinion on the issue of whether, if it required a regulation to be adopted, such a regulation should have been adopted and in effect within a reasonable period of time after the statute was passed. It is simply that portion of Congress' intent that the Court's order was designed to enforce.

Finally, the Secretary asserts that a recent decision from the Second Circuit, *Farley v. Sullivan*, 983 F.2d 405 (2d Cir.1993), is a persuasive decision reaching exactly the opposite conclusion reached by the Court in this case. *Farley*, however, never addressed the question of whether § 1382(c)(4)(B) required the Secretary to promulgate a regulation between 1982 and 1988 which dealt specifically with recipients of other governmental benefits such as AFDC. The plaintiffs in that case were not AFDC recipients but other recipients of non-recurring income who complained about the impact of retrospective monthly accounting. Indeed, the Court's decision never quotes or cites to subsection (4)(B) of the statute as it was enacted in 1982, but rather deals with the more recent version of the statute which excepts recipients of AFDC from the retrospective monthly accounting procedure. It did not appear that the plaintiffs in that case argued that the Secretary was required to promulgate a regulation, but rather that they were entitled, without such a regulation, to specific monetary relief. In short, *Farley* simply does not address the issue which was raised by the plaintiffs in this case and decided by the Court, and it does not materially strengthen the Secretary's position on appeal.

For all of these reasons, the Court concludes that the Secretary has not made a particularly strong showing of success on appeal, although the Court does recognize that difficult legal issues were presented by this case, and that reasonable legal minds could reach different conclusions.

### B. *Irreparable Injury.*

The Secretary also argues that, if he is forced to publish a regulation and, if the regulation requires him to take some action which would benefit the class members, to take that action, irreparable injury will occur. The major type of irreparable injury identified is the cost of the process, and the "confusion" which would result if the regulation were first adopted and then later invalidated.

The Court does not believe that either of these injuries are irreparable. It appears that the Secretary has already placed this regulation on a "fast track," and the process of having it ready for publication can be completed within 30 days. Incremental governmental costs involved from this point forward are not the type of irreparable injury which a stay is designed to address. Further, the Court does not believe that any confusion which might result from a reversal of this Court's decision is an irreparable injury. At this point, it is not clear what the Secretary's proposed regulation will say, nor what types of comments will be received, let alone what the final regulation will look like. It may well be that a final regulation would not materially assist the plaintiffs in this case. It is simply speculation at this point to try to guess what will happen if the Secretary complies with the Court's order. The Court does not believe that any showing of irreparable injury has been made.

### C. *The Interest of the Plaintiffs.*

Despite plaintiffs' arguments to the contrary, the Court does not believe that this is a substantial factor in determining whether a stay should be granted. As noted, it is unclear whether any of the plaintiffs will actually benefit from the promulgated regulation. They may, and if they do, they will receive some measure of financial benefit. The amount for any individual plaintiff will not be great, however, and even if the plaintiffs continue to be SSI recipients or are otherwise indigent, the amount involved is not sufficiently significant to sway the Court's decision as to whether a stay should be issued.

### D. *The Public Interest.*

To a certain extent, evaluation of this factor depends upon the Court's belief that it

has correctly interpreted the 1982 version of the statute in question. Believing that it has, the Court also concludes that the public interest in having the Secretary undertake a regulatory duty clearly imposed upon him by Congress more than a decade ago is strong. Although the public also does have an interest in not having the government make unnecessary expenditures, the Court believes that the Congressional mandate in this case is sufficiently clear, and the Secretary's inaction sufficiently unjustified, to permit the conclusion that the public interest does not favor the issuance of a stay.

## II.

Balancing all of the above factors, and recognizing that it is the movant's burden to demonstrate that a stay is appropriate, the Court concludes that the Secretary has not satisfied that burden, and the motion for a stay pending appeal is therefore DENIED. The alternate branch of the Secretary's motion is GRANTED, however, and the Court will add fifteen days to the thirty days requested in the Secretary's reply memorandum in order to permit the Secretary to seek a stay from the Court of Appeals, if the Secretary desires to do so. Consequently, the date for complying with this Court's order of October 2, 1992, is hereby extended to March 16, 1993.